163

1   Andrew K. Alper (State Bar No. 088876)
    aalper@frandzel.com
2   Gerrick M. Warrington (State Bar No. 294890)
    gwarrington@frandzel.com
3   FRANDZEL ROBINS BLOOM & CSATO, L.C.
    1000 Wilshire Boulevard
4   Nineteenth Floor
    Los Angeles, California 90017-2427
5   Telephone: (323) 852-1000
    Facsimile: (323) 651-2577
6
    Attorneys for Creditor TBK Bank, SSB, a Texas
7   State Savings Bank

8                  **UNITED STATES BANKRUPTCY COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10                        **FRESNO DIVISION**

11  In re                              │  CASE No. 17-12463

12  RDX, Inc.,                         │  DC No. FRB-1

13           Debtor.                   │  Chapter 7

14                                     │  **APPENDIX OF EXHIBITS RELATED TO**
15                                     │  **DECLARATIONS OF DIRK COPPLE IN**
                                       │  **SUPPORT OF TBK BANK, SSB'S**
16                                     │  **MOTION FOR RELIEF FROM THE**
                                       │  **AUTOMATIC STAY AND EX PARTE**
17                                     │  **APPLICATION FOR AN ORDER**
                                       │  **SETTING HEARING ON SHORTENED**
18                                     │  **NOTICE ON THE MOTION FOR RELIEF**
                                       │  **FROM AUTOMATIC STAY**
19

20          The following exhibits relate to the Declaration of Dirk Copple in Support of Ex Parte

21  Application for an Order Setting a Hearing on Shortened Notice, and the separately filed

22  Declaration of Dirk Copple in Support of TBK Bank, SSB's Motion for Relief from the Automatic

23  Stay:

24                              **INDEX**

25                                                                      **Page**

26          Exhibit 1 – Secretary of State Name Change ............................................................ 3

27          Exhibit 2 – LSA 1 ...................................................................................................... 8

28          Exhibit 3 – Certificates of Title to LSA 1 Vehicles ............................................. 26

*FRANDZEL ROBINS BLOOM & CSATO, L.C.*
*1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR*
*LOS ANGELES, CALIFORNIA 90017-2427*
*(323) 852-1000*

2592907.1 | 101026-0002                     1

Exhibit 4 – Extension to LSA 1 ........................................................................ 112

Exhibit 5 – LSA 2.............................................................................................. 117

Exhibit 6 – Certificates of Title to LSA 2 Vehicles ......................................... 134

Exhibit 7 – Debtor's Schedule A/B .................................................................. 140

Exhibit 8 – Repair Bill Dated 6/22/17 for $31,197.00 ..................................... 147

Exhibit 9 – Repair Bill Dated 6/26/17 for $35,820.00 ..................................... 150

Exhibit 10 – Insurance Company Communications........................................... 153

Exhibit 11 – Loan 1 – Loan History.................................................................. 158

Exhibit 12 – Loan 2 – Loan History.................................................................. 161

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# Exhibit 1

| | | |
|---|---|---|
| **Form 707**<br>**(Revised 05/11)**<br><br>Submit in duplicate to:<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>512 463-5555<br>FAX: 512/463-5709<br>**Filing Fee: See instructions** | (State Seal)<br><br>**Amendment to Appointment**<br>**of Statutory Agent** | This space reserved for office use.<br>**FILED**<br>**In the Office of the**<br>**Secretary of State of Texas**<br><br>**DEC 08 2015**<br><br>**Corporations Section** |

## Entity Information

The entity named below amends its appointment of an agent authorized to receive service of process which is on file with the secretary of state.

1. The name of the entity is:

Triumph Savings Bank, SSB

2. The file number assigned by the secretary of state to the entity is:  801530022

3. The federal employer identification number issued to the entity is:  75-1745500

☐ The entity does not have a federal employer identification number at this time.

4. The entity is: (Choose only one.)

☑ A Texas financial institution filing pursuant to section 201.103, Texas Finance Code.

☐ An unincorporated nonprofit association filing pursuant to section 252.011, Texas Business Organizations Code.

☐ A defense base development authority filing pursuant to section 379B.004(b), Texas Local Government Code.

## Amendment to Agent Authorized to Receive Service of Process

The entity amends the agent authorized to receive service of process in accordance with the information provided below. By signing this statement, the agent accepts and consents to the appointment and consents to serve as an agent to receive process on behalf of the entity.

Complete item 5A or 5B, but not both. Complete item 5C.

5A.  ☐ The agent is an organization (cannot be entity named above) by the name of:

_____

**OR**

5B.  ☐ The agent is an individual resident of the state whose name is:

_____
*First Name*                *M.I.*          *Last Name*                          *Suffix*

The person executing this instrument affirms that the person designated as the new registered agent has consented to serve as registered agent.

5C. The street address of the agent to which service of process may be delivered or mailed is:

                                                                                TX
_____
*Street Address (No P.O. Box)*                    *City*                  *State*   *Zip Code*

Form 707                                            3

4

## Other Amendments

6. ☑ The name of the entity is amended. The new name of the entity is:

TBK Bank, SSB

7. ☐ The principal office address of the entity is amended. The new principal office address is:

_Address_             _City_            _State_   _Country_   _Zip/Postal Code_

8. ☐ The federal tax identification number is added or amended. The number is: _____

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized to execute the filing instrument.

Date:    October 1st, 2015

_Signature of authorized person_

Gail Lehmann, EVP, COO and Secretary

Printed or typed name of authorized person (see instructions)

**Acceptance and Consent of Agent to Appointment**
(only required if agent information is amended)

Signature of agent

Date: _____

Form 707

4

5

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Carlos H. Cascos
Secretary of State

# Office of the Secretary of State

December 09, 2015

CT Corporation System
701 Brazos, Ste. 720
Austin, TX 78701 USA

RE: TBK Bank, SSB
File Number: 801530022

It has been our pleasure to file the Certificate of Amendment for the referenced entity. Enclosed is the certificate evidencing filing. Payment of the filing fee is acknowledged by this letter.

If we may be of further service at any time, please let us know.

Sincerely,

Corporations Section
Business & Public Filings Division
(512) 463-5555

Enclosure

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555    Fax: (512) 463-5709    Dial: 7-1-1 for Relay Services
Prepared by: Virginia Tobias    TID: 10323    6    Document: 644141920002

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Carlos H. Cascos
Secretary of State

## Office of the Secretary of State

### CERTIFICATE OF FILING
### OF

### TBK Bank, SSB
801530022

[formerly: Triumph Savings Bank, SSB]

The undersigned, as Secretary of State of Texas, hereby certifies that a Certificate of Amendment for the above named entity has been received in this office and has been found to conform to the applicable provisions of law.

ACCORDINGLY, the undersigned, as Secretary of State, and by virtue of the authority vested in the secretary by law, hereby issues this certificate evidencing filing effective on the date shown below.

Dated: 12/08/2015

Effective: 12/08/2015



Carlos H. Cascos
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555          Fax: (512) 463-5709          Dial: 7-1-1 for Relay Services
Prepared by: Virginia Tobias          TID: 10303          7          Document: 644141920002

# Exhibit 2

## LOAN AND SECURITY AGREEMENT

**THIS LOAN AND SECURITY AGREEMENT** (hereinafter referred to as the "Agreement") is entered into as of **MARCH 21, 2016** (hereinafter referred to as the "Execution Date") by and between **TBK BANK, SSB**, a Texas State Savings Bank, having its principal place of business at 12700 Park Central Drive, Suite 1700, Dallas, TX 75251 (hereinafter referred to as "Lender") and the borrower(s) named below (hereinafter referred to individually and collectively, jointly and severally and interchangeably as "Borrower").

| | | | |
|---|---|---|---|
| Borrower: | RDX INC. | Borrower: | NAVDEEP KAUR SINGH |
| Address: | 2436 S SARAH STREET | Address: | 5724 W MAGILL AVE |
| | FRESNO, CA 93706 | | FRESNO, CA 93722 |

**1. Promise to Pay.** In consideration of Lender making a loan to Borrower subject to the terms and conditions set forth in this Agreement, Borrower absolutely and unconditionally promises to pay to the order of Lender the principal amount of **ONE MILLION NINE HUNDRED EIGHTY SEVEN THOUSAND THREE HUNDRED THIRTY SIX AND 71/100** Dollars (**$1,987,336.71**), plus interest from the Execution Date on the unpaid principal balance outstanding from time to time at the rate of **SIX** percent (**6.00%**) per annum (but in no event shall such rate exceed any maximum permitted by applicable law). Principal and interest shall be paid in **36** consecutive monthly installments/payments (hereinafter referred to as "installments" or "payments") as follows:

| | | | |
|---|---|---|---|
| 35 | Installment(s), each in the amount of | $ 60,954.06 | ; then |
| | Installment(s), each in the amount of | $ | ; then |
| | Installment(s), each in the amount of | $ | ; then |
| | Installment(s), each in the amount of | $ | ; then |
| | Installment(s), each in the amount of | $ | ; then |
| | Installment(s), each in the amount of | $ | ; then |
| | Installment(s), each in the amount of | $ | ; then |
| | Installment(s), each in the amount of | $ | ; then |
| | Installment(s), each in the amount of | $ | ; then |
| | Installment(s), each in the amount of | $ | ; then |
| | Installment(s), each in the amount of | $ | ; then |

a final installment, in the amount of the then unpaid principal balance plus all accrued and unpaid interest and any other amounts due and owing under and pursuant to this Agreement.

## 2. Payment Terms.

    2.1.    **Commencement Date/Application of Payments.** Consecutive monthly installments shall commence on the **1ST** day of **JUNE, 2016**, and shall be due on the same day of each month thereafter until the indebtedness under this Agreement is paid in full. Each installment, at Lender's discretion may be applied first to accrued and unpaid interest and late charges if any, with the remainder applied to reduction of principal.

    2.2.    **Payment Direction.** All payments shall be made in lawful money of the United States at Lender's address listed herein or such other place, which Lender may designate in writing from time to time.

    2.3.    **Late Charges.** If any payment of the Obligations (as defined below) remains overdue for more than ten (10) days after the due date, Borrower hereby agrees to pay on demand, as a late charge, an amount equal to the lesser of (i) five percent (5%) of each such overdue installment, or (ii) the maximum percentage of any such overdue installment permitted by applicable law. Borrower agrees that the amount of such late charge represents a reasonable estimate of the cost to Lender of processing a delinquent payment and that the acceptance of any late charge shall not constitute a waiver of default with respect to the overdue installment or prevent Lender from exercising any of its other available rights and remedies.

Triumph LSA 1 601001 v02.00          Copyright 2015

2.4.   **Returned Payments**. If Borrower's check (or payment in any other form) is returned unpaid or otherwise rejected for any reason Borrower agrees to pay Lender a fee (the "Returned Payment Fee") in the amount of $25.00, or such lesser amount as may be limited by law. Lender may add the fee to the amount Borrower owes or collect the fee separately.

2.5.   **Joint and Several Liability**. If more than one party signs this Agreement as Borrower, the obligations of each of them shall be joint and several regardless of the source of the collateral or the particular Borrower with which the obligation originated, and each Borrower waives any suretyship or other defenses that it might raise with respect to any other Borrower.

3. **Interest**. Interest shall be calculated on the basis of a 360-day year and for the actual number of days elapsed, unless such calculation would cause the effective rate of interest to exceed the maximum rate allowed by applicable law, in which case such calculation shall be on the basis of a 365 day year. In no event shall this Agreement be enforced in any way that permits Lender to charge or collect interest or late charges in excess of the maximum lawful rate. In such event, Borrower agrees that Lender shall not be subject to any penalties for contracting for or collecting interest or late charges in excess of the maximum lawful rate. Notwithstanding anything to the contrary in this Agreement or any related writing, all agreements between Borrower and Lender, whether now existing or hereafter arising and whether written or oral, are hereby limited so that in no contingency, whether by reason of demand for payment or acceleration of the maturity hereof or otherwise, shall the interest contracted for, charged or received by Lender exceed the maximum amount permissible under applicable law. The right to accelerate maturity of sums due under this Agreement does not include the right to accelerate any interest which has not otherwise accrued on the date of the acceleration, and Lender does not intend to charge or collect any unearned interest in the event of acceleration. If, from any circumstances whatsoever, interest would otherwise be payable to Lender in excess of the maximum lawful amount, the interest payable to Lender shall be reduced to the maximum amount permitted under applicable law; and if from any circumstance Lender shall ever receive anything of value deemed interest by applicable law in excess of the maximum lawful amount, an amount equal to any excessive interest shall be applied to the reduction of the principal hereof (or due under any other agreement) and not to the payment of interest, or if such excessive interest exceeds the unpaid balance of the principal hereof (or due under any other agreement) such excess shall be refunded to Borrower, if allowed by applicable law. All interest paid or agreed to be paid to Lender shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the full period until payment in full of the principal (including the period of any extension or renewal hereof) so that the interest hereon (or due under any other agreement) for such full period shall not exceed the maximum amount permitted by applicable law. This paragraph shall control all agreements between Borrower and Lender.

4. **Prepayment**. As a material inducement to Lender to advance funds or otherwise provide financial accommodations to or for the benefit of Borrower, and or in consideration of Lender having previously done so, it is agreed that Borrower shall not unless otherwise required by law, have any right to voluntarily prepay any indebtedness for borrowed money now or hereafter owing to Lender; provided however that Borrower may, subject to the terms and conditions contained herein, have the privilege of voluntarily prepaying the obligation set forth in paragraph 1 of this Agreement in part or full at any time, provided, Borrower shall: (i) give five (5) days' prior written notice to Lender specifying the date and amount of any proposed voluntary prepayment and the indebtedness being voluntarily prepaid, and (ii) prepay a minimum amount of $10,000 or greater, and (iii) pay the amount specified in such voluntary prepayment notice, in good funds, on the date specified in such notice, and (iv) simultaneously pay, in good funds, all principal, interest, late charges, and other charges accrued and/or due to Lender through the date of any such voluntary prepayment, and (v) simultaneously pay a prepayment premium equal to the product of .20% of the principal amount then being voluntarily prepaid multiplied by the number of whole or partial calendar months between the date of the voluntary prepayment and the scheduled final maturity date, but in no event shall such amount exceed the maximum amount permitted by applicable law. Any voluntary partial prepayment shall be applied to the scheduled installment(s) of the indebtedness in the reverse order of their respective maturities, so that the amount and due date of only the latest maturing installment(s) shall be affected thereby and unless Lender agrees otherwise in writing, Borrower may not skip payments. The principal amount of any voluntary partial prepayment shall be applied as determined by Lender in its sole and absolute discretion. To the extent permitted by applicable law, if Lender accelerates the maturity of sums due under this Agreement as a result of Borrower's default, Lender has the right to charge Borrower, and Borrower agrees to pay Lender, in addition to any other remedy, liquidated damages in an amount equal to the product of .20% of the accelerated unpaid principal balance due under this Agreement multiplied by the number of whole or partial calendar months between the date of the default and the scheduled final maturity date of this Agreement, but in no event shall such amount exceed the maximum amount permitted by applicable law. Lender and Borrower covenant and agree

Triumph LSA 1 601001 v02.00                                                          Copyright 2015

10

to take all such actions and to execute all such documents as may be desirable to implement the provisions of this Agreement fully and effectively.

5. **Disclaimer.**  THIS AGREEMENT IS A LOAN AND SECURITY AGREEMENT.  BORROWER ACKNOWLEDGES THAT THE EQUIPMENT (AS DEFINED HEREIN BELOW) HAS BEEN OR WILL BE SELECTED AND ACQUIRED SOLELY BY BORROWER AND THAT LENDER MAKES NO REPRESENTATION OR WARRANTIES, EXPRESS OR IMPLIED, AS TO THE QUALITY, WORKMANSHIP, DESIGN, MERCHANTABILITY, SUITABILITY OR FITNESS OF THE EQUIPMENT (AS DEFINED HEREIN BELOW) FOR ANY PARTICULAR PURPOSE, OR ANY OTHER REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS OR IMPLIED.  BORROWER'S OBLIGATIONS HEREUNDER ARE ABSOLUTE AND UNCONDITIONAL.

6. **Collateral**.  The goods, chattels and property listed on Schedule A hereto (hereinafter referred to as the "Equipment") and any and all accounts, accounts receivable, chattel paper, electronic chattel paper, collateral, contract rights, documents, equipment, fixtures, general intangibles, goods, instruments, inventory, securities, securities entitlements, deposit accounts, investment property and all other property of whatever nature and kind, wherever located, now owned or hereafter acquired by Borrower, or in which Borrower now or hereafter has any right or interest in, and all attachments, accessories, accessions, substitutions, replacements, replacement parts, additions, software and software upgrades, including, without limitation, all property listed on any schedule to any agreement between the parties, and all cash and non-cash proceeds (including rental proceeds, insurance proceeds, accounts and chattel paper and/or electronic chattel paper arising out of or related to the sale, lease, rental or other disposition thereof) of and to all of the foregoing and is hereby collectively defined and referred to herein as the "Collateral" for all purposes. Borrower represents that the Collateral (without exception) shall be used exclusively for commercial business purposes and operations and not for personal, family or household purposes.

7. **Security Interests.**  In consideration of Lender entering into this Agreement, Borrower hereby pledges, conveys, assigns and grants to Lender a security interest/lien in and to the Collateral to Lender and to its successors and assigns.  The word "Lender" includes the subsidiaries, affiliates, heirs, successors, assigns and transferees. The security interest granted herein is to secure payment of any and all liabilities or obligations of Borrower to Lender, i) whether previously, contemporaneously or subsequently incurred or created, ii) whether joint or several, direct or indirect, absolute or contingent, matured or unmatured, secured or unsecured, heretofore arising, now existing or hereafter arising, iii) without reduction by reason of any claim, defense, set-off, abatement, offset, counterclaim or recoupment, and iv) whether under this Agreement or under any other writing between Borrower and Lender including but not limited to (a) any and all loans, advances, guaranties, notes, security agreements, lease agreements, rental agreements, bailment agreements, loan and security agreements, extensions of credit, endorsements, benefits and financial accommodations, or payments, previously, now or hereafter made, granted or extended by Lender to or on account of Borrower or which Lender has or may, grant or extend to or for the account of Borrower including the obligations to make payments hereunder; (b) any and all interest, commissions, obligations, liabilities, indebtedness, charges, late charges, interest, attorneys' fees and costs and expenses hereto and/or hereafter chargeable against Borrower by Lender or owing by Borrower to Lender or upon which Borrower may be and/or has become liable as endorser or guarantor; (c) all obligations and/or indebtedness of any and every kind of Borrower to Lender or any affiliate of Lender whether direct or indirect, whether contingent or absolute, whether matured or unmatured and whether now or hereafter arising, existing, incurred, contracted or owing to Lender in the future or acquired or to be acquired by Lender by one or more assignments, transfers or otherwise, including but not limited to amounts due upon any agreement or other obligations, given to or received by Lender or any affiliate directly from Borrower or by way of assignment from any one or more third parties and whether or not presently contemplated by the parties and (d) any and all extensions, renewals, amendments, rewrites, increases or modifications of any of the foregoing (all hereinafter called the "Obligations" and/or the "Liabilities"). Borrower hereby authorizes Lender to file and/or re-file any financing statement(s) and to be named as lienholder on any vehicle title(s) needed to perfect Lender's security interest in the Collateral, including, without limitation, any fixture filings and any amendments and continuation statements thereto pursuant to the Uniform Commercial Code then in effect (hereinafter referred to as the "Code"), in form satisfactory to Lender, and Borrower shall pay the cost of perfecting Lender's security interest in the Collateral as is deemed by Lender to be necessary or desirable.

8. **Representations and Warranties.**  Borrower represents and warrants that:

    8.1.    Borrower has the lawful and organizational power and authority to own its assets and to conduct the business in which it is engaged and is duly authorized and empowered to enter into this Agreement, to perform hereunder and to execute this Agreement as its legal, valid and binding obligation.

Page 3 of 14

(\

8.2.     Borrower is duly existing and in good standing in its state of formation and qualified and licensed to do business in, and in good standing in, any state in which the conduct of its business or its ownership of property requires that it be qualified. Except as specifically disclosed in writing to Lender, Borrower (i) has not been known as or used any corporate, fictitious or trade names or (ii) has not been the surviving corporation of a merger or consolidation or acquired all or substantially all of the assets of any person.

8.3.     This Agreement and the other agreements, instruments and documents executed herewith do not and will not (a) violate any provisions of the articles of incorporation or formation, bylaws, operating agreement or other analogous governing documents of Borrower, or any contract, agreement, law, regulation, order, injunction, judgment, decree or writ to which Borrower is subject, (b) result in the creation or imposition of any lien upon any Collateral of Borrower, other than those contemplated hereby, (c) constitute or result in a default under any agreement, bond or indenture by which Borrower is bound or in which any of its property is subject or materially and adversely affects its ability to perform its obligations under this Agreement hereunder, or (d) requires the consent or approval of any other person or entity, including without limitation, any regulatory authority or governmental body of or within the United States.

8.4.     All financial statements and information relating to Borrower which have been furnished by Borrower to Lender have been prepared from the books and records of Borrower, accurately reflect Borrower's financial condition for the time period covered thereby, and are true, correct and complete in all material respects, and there have been no material adverse changes in the condition (financial or otherwise) or prospects of Borrower since submission of the loan application.

8.5.     Borrower has good, marketable and indefeasible title to its properties and assets reflected as being owned by it on any balance sheet of Borrower submitted to Lender as of the date thereof. Except for (i) the security interest granted to Lender under the Agreement and (ii) any other security interest previously disclosed by Borrower to Lender in writing, Borrower is the owner of the Collateral, has good and marketable title thereto free and clear from any adverse lien, security interest or encumbrance. Notwithstanding the foregoing, Borrower may not at any time pledge a security interest/lien to any party other than to Lender on, in or to any of the Equipment or the Collateral.

8.6.     Borrower has filed all tax returns and reports required to be filed and has paid all taxes, assessments, fees and other governmental charges levied upon it.

8.7.     Borrower is not in breach of or in default under any loan agreement, indenture, bond, agreement or other evidence of indebtedness, or any other material agreement or any court order, injunction or decree or any lien, statute, rule or regulation. Borrower's properties are and will continue to be in compliance with all federal, state and local laws, rules and regulations, and all orders of any federal, state or local legislative, administrative or judicial body or official, except to the extent the failure to so comply would not have a material adverse effect on Borrower. Borrower has obtained and will continue to maintain all permits, approvals, authorizations and licenses necessary to conduct its business as presently conducted, except to the extent the failure to have such permits, approvals, authorizations or licenses would not have a material adverse effect on Borrower.

8.8.     Except as disclosed to Lender in writing, there is no litigation, legal or administrative proceeding, investigation or other action of any nature pending, or to the knowledge of Borrower, threatened against or affecting Borrower which involves the possibility of any judgment or liability not fully covered by insurance, and which may adversely affect the business or the properties of Borrower or its ability to carry on business as now conducted or would adversely affect the ability of Borrower to satisfy its obligations under the Agreement.

8.9.     None of the preprinted text of this Agreement has been altered, modified, or stricken by Borrower or anyone else.

8.10.     Borrower or its authorized representative properly executed this Agreement in Borrower's name and all signatures on this Agreement are genuine.

8.11.     Borrower acknowledges and agrees that its obligations due hereunder are absolutely and unconditionally due and owing to Lender or its successors and assigns without notice or demand and there are no defenses, claims, counterclaims, causes of action, abatements, offsets or set-offs with respect to this Agreement and that this Agreement is fully enforceable against the Borrower. Borrower's obligation to pay the installments and other payments due hereunder shall be absolute and unconditional and shall not be affected by reason of (i) any defect in, lack of fitness for use of, damage to, loss of possession or use of or destruction of, all or any of the Collateral or Equipment, and/or (ii) the prohibition or other restriction against Borrower's use of said Collateral or

Page 4 of 14

Equipment, and/or (iii) any other cause, it being the agreement of the parties that this Agreement and any other amount payable by Borrower hereunder shall continue to be payable in all events in the manner and at the times provided herein or in any amendment or extension executed by the parties.

9. **Covenants by Borrower**.　Borrower agrees:

9.1.　Borrower will not amend its certificate or articles of incorporation, formation, or partnership agreement (as applicable), its bylaws or operating agreement or otherwise change its legal name or structure, or consolidate with or merge into or acquire any person or entity, or permit any other person or entity to consolidate with or merge into or acquire Borrower or acquire the stock of any person or entity or form any subsidiary, without prior approval of Lender or permit any material change to be made in the character of its business as conducted as of the date hereof.

9.2.　Borrower will maintain its legal existence, rights and franchises and observe and comply with all applicable laws, statutes, codes, acts, ordinances, judgments, injunctions, rules, regulations, certificates, franchises, permits and licenses of all federal, state, county, municipal and other governmental authorities.　Borrower agrees that it will not change the State where it was incorporated or formed or otherwise, nor change its name or address, without providing Lender with sixty (60) days prior written notice.

9.3.　Borrower shall pay and promptly file all tax returns and reports required to be filed and pay when due all taxes (including but not limited to personal property taxes), assessments, levies, imposts, duties and charges, of any kind or nature, imposed upon the Collateral or for its use or operation or upon this Agreement or upon any instruments evidencing the Obligations.

9.4.　Borrower shall use the Collateral for commercial and business purposes only and operate it by qualified personnel in accordance with applicable manufacturers' and regulatory maintenance and performance standards. Borrower shall adhere to reasonable practices for Borrower's industry and the type of Collateral. Borrower shall keep the Collateral (a) free from any adverse lien or encumbrance (and shall promptly notify Lender of any attachment of any such lien or any seizure or levy), (b) in good working order, condition and repair and shall not waste or destroy the Collateral or any part thereof and (c) appropriately protected from the elements, and shall furnish all required parts and servicing (including any contract service necessary to maintain the benefit of any warranty of the manufacturer). Borrower shall not use the Collateral in violation of any statute, ordinance, regulation or order. Lender may examine and inspect the Collateral and any and all books and records of Borrower during business hours at any time and such right of inspection shall include the right to copy Borrower's books and records and to converse with Borrower's officers, employees, agents, and independent accountants.

9.5.　Borrower shall not sell, lease, assign, transfer or otherwise dispose of (i) the Collateral, except as otherwise specifically permitted by the Agreement, or (ii) all or any substantial part of its assets, without the prior written consent of Lender.

9.6.　The Collateral shall be kept primarily at Borrower's address listed in this Agreement, or listed on any Schedule(s) hereto (unless the Collateral is mobile, in which case it may be moved in the ordinary course of business), and Borrower shall give prompt written notice to Lender of any change in the location(s) of the Collateral. Notwithstanding the foregoing, the Collateral shall not be moved outside the United States of America without Lender's prior written consent.

9.7.　Borrower shall not permit the Collateral to become attached to real estate in such a way that it would be considered part of the realty or designated a "fixture." Notwithstanding any presumption of applicable law, and irrespective of any manner of attachment, the Collateral shall not be deemed real property but shall retain its character as personal property. However, Borrower shall, at the option of Lender, furnish the Lender with waiver(s) of any interest in the Collateral in recordable form, signed by all persons having an interest in the real estate where the Collateral may be located, which is or might be deemed to be prior to Lender's security interest.

9.8.　Borrower shall keep the Collateral free and clear of any lien, security interest or encumbrance (except for the security interest/lien granted hereunder to Lender) and shall not sell, lease, assign (by operation of law or otherwise) exchange or otherwise dispose of any of the Collateral, except as expressly permitted herein. Borrower shall defend the Collateral against all claims and demands of all persons at any time claiming any interest therein. At the request of Lender, Borrower shall execute, acknowledge and deliver to Lender any document or instrument required by Lender to further the purposes of the Agreement.　If any of the Collateral is subject to certificate of

title law, Borrower will cause Lender's security interest/lien to be noted on such certificate of title and promptly deliver such certificate to Lender.

10. **Financial Statements.** Borrower shall furnish to Lender such financial statements, income statements, balance sheets, statements of cash flow, income tax returns, operating statements and other financial information as requested by Lender in its sole and absolute discretion. Borrower and any Guarantor agrees that any financial statements or other nonpublic information which Borrower or any Guarantor provides to Lender may be disclosed by Lender for legitimate business purposes to Lender's officers, directors, employees, agents, affiliates, attorneys, advisors, recourse providers, prospective assignees or participants, auditors, regulators or other parties pursuant to law.

11. **Insurance.** Borrower shall maintain and will continue to maintain with financially sound and reputable insurers, insurance with respect to the Collateral against all risks of loss or damage from every cause and other risks with such coverage and containing such terms, in such form, for such periods and written by such companies as shall be satisfactory to Lender. Furthermore, Borrower shall furnish to Lender appropriate additional insured endorsements and/or lender loss payable endorsements in form and substance satisfactory to Lender, naming Lender as loss payee as its interests may appear, and providing (a) for not less than the full replacement value as determined by Lender in its sole discretion and shall carry liability and property damage insurance covering the Equipment and ensure that all proceeds thereunder shall be payable to Lender (the proceeds of such insurance, at the option of Lender, shall be applied toward the replacement, repair or applied to reduce the indebtedness of Borrower to Lender), (b) no such insurance shall be affected by any act or neglect of the insured or owner of the property described in such policy, and (c) that such policy and loss payable clauses may not be cancelled, amended or terminated unless at least thirty (30) days' prior written notice is given to Lender, and Borrower shall ensure that the policies reflect such information. Upon request of Lender, Borrower will furnish or cause to be furnished to Lender from time to time certificates or other evidence satisfactory to Lender of compliance with the foregoing insurance provisions as well as a summary of the insurance coverage of Borrower and the Subsidiaries in form and substance satisfactory to Lender and, if requested, will furnish Lender copies of the applicable policies.

12. **Power of Attorney.** BORROWER HEREBY APPOINTS LENDER OR ANY OFFICER, EMPLOYEE, DESIGNEE OR ASSIGNS OF LENDER, AS BORROWER'S ATTORNEY-IN-FACT TO, IN BORROWER'S OR LENDER'S NAME: (a) PREPARE, EXECUTE AND SUBMIT ANY NOTICE OR PROOF OF LOSS IN ORDER TO REALIZE THE BENEFITS OF ANY INSURANCE POLICY INSURING THE COLLATERAL; (b) PREPARE, SUBMIT, EXECUTE AND FILE ANY AGREEMENT, DOCUMENT, FINANCING STATEMENT, TITLE APPLICATION, INSTRUMENT (OR ANY OTHER WRITING OF RECORD) THAT, IN LENDER'S OPINION, IS NECESSARY TO PERFECT AND/OR GIVE PUBLIC NOTICE OF THE INTERESTS OF LENDER IN ANY COLLATERAL THAT SECURES OR THAT MAY SECURE THE INDEBTEDNESS OF BORROWER TO LENDER AND (c) ENDORSE BORROWER'S NAME ON ANY REMITTANCE, CHECK OR DRAFT REPRESENTING PROCEEDS OF ANY INSURANCE RELATING TO THE COLLATERAL OR THE PROCEEDS OF THE SALE, LEASE OR OTHER DISPOSITION OF THE COLLATERAL. THIS POWER IS COUPLED WITH AN INTEREST AND IS IRREVOCABLE AS LONG AS THE INDEBTEDNESS HEREUNDER REMAINS UNPAID.

13. **Events of Default.** The occurrence of any one or more of the following events shall constitute an "Event of Default": (i) Borrower fails to promptly pay any payment required hereunder on or before the due date of such payment including but not limited to those identified in paragraph 1 above, or in any amendment or extension agreement entered into between the parties; (ii) Borrower or any guarantor shall (a) fail to pay any indebtedness for borrowed money of the Borrower or such Guarantor, or any interest or premium thereon, when due (whether by scheduled maturity, required prepayment, acceleration, demand or otherwise), or (b) fail to perform any term, covenant, or condition on its part to be performed under any agreement or instrument relating to such indebtedness, or if any such indebtedness shall be declared to be due or payable or required to be prepaid (other than by a regularly scheduled required prepayment) prior to the stated maturity thereof, or (c) default under any other agreement for borrowed money, or (d) fail to perform any of the other obligations required to be performed by Borrower or Guarantor hereunder or under any Schedule, amendment, or documents executed in connection herewith or any other agreements between the parties, or if Borrower or any Guarantor defaults in the payment or performance of any other obligations due and owing to Lender or its affiliates, or (e) fails to comply with any representation, warranty or covenants contained herein or in any other agreement between the parties, or (iii) the death of Borrower or any Guarantor, if a natural person, or the dissolution of Borrower or any Guarantor, if a business organization, or (iv) the filing of any petition or complaint under the federal Bankruptcy Code or other federal or state acts of similar nature, by or against Borrower, or an assignment for the benefit of creditors by Borrower, or (v) an application for or the appointment of a receiver, trustee or

14

conservator, voluntary or involuntary, by or against Borrower or for any substantial assets of Borrower, or (vi) insolvency of Borrower under either federal or state law or applicable principles of equity, or (vii) entry of judgment, issuance of any garnishment or attachment, or filing of any lien, claim or government attachment against the Collateral or which, in Lender's sole discretion, might impair the Collateral or the failure to pay, including without limitation, any taxes, liens, mechanics liens, warehouseman's liens, or (viii) any representation, covenant or warranty made by Borrower herein or in any other agreement between the parties or in any statement given to Lender shall be materially untrue or the determination by Lender that a material misrepresentation of fact has been made by Borrower in this Agreement or in any writing supplementary or ancillary hereto, or (ix) a determination by Lender that Borrower has suffered a material adverse change in its condition (financial or otherwise), business or operations from the date of this Agreement and/or Lender in good faith believes that the prospect of payment or performance of any of the obligations under this Agreement is impaired and/or Borrower or Guarantors affairs so change as to in Lender's opinion, increase the credit risk involved and Lender thereby becomes insecure as to the performance of this Agreement or any other agreement between the parties, or (x) any actual or anticipated revocation, nonrenewal or termination of a guarantee, letter of credit, surety bond or other instrument issued for the benefit of Lender as additional security for the Obligations, or (xi) any unauthorized filing by Borrower of a termination statement for any financing statement or other recorded instrument filed by Lender, or (xii) a change in the management, operations, ownership of stock or membership units or control of Borrower; or Borrower sells all or substantially all of its stock or partnership or membership interests; or Borrower sells all or substantially all of its assets or consolidates with or merges into any other entity; or its stockholders, partners or members sell all or substantially all of their stock or partnership or membership interests, or (xiii) Lender at any time deems the security afforded by this Agreement unsafe, inadequate or at any risk or any of the Collateral is or becomes in danger of concealment, transfer, sale, assignment, hypothecation or misappropriation, or (xiv) the filing or imposition of any levy, execution or attachment, against Borrower or any guarantor that is not released within sixty (60) hours, or (xv) Borrower shall incur, create, assume, cause or suffer to exist any mortgage, deed of trust, trust, lien, security interest, pledge, hypothecation, other encumbrance (except Lender's security interest), or attachment or execution of any kind whatsoever upon, affecting or with respect to the Collateral or any of Lender's security interests under this Agreement or any of the Obligations, or (xvi) Borrower shall sell, transfer, pledge, assign, rent, lease, lend, destroy or otherwise transfer or dispose of any Collateral, or (xvii) failure of Borrower a) to provide Lender with proof of insurance on the Collateral and in which names Lender as loss payee or b) to obtain or maintain insurance on the Collateral, all of the foregoing in a form and amounts satisfactory to Lender in its sole discretion, or (xviii) any of the Obligations, this Agreement, the security interest granted herein or any provision hereof for any reason attributable to Borrower, ceases to be in full force and effect or shall be declared to be null and void or the validity or enforceability thereof shall be contested by Borrower or Borrower shall deny that it has any further liability or obligation hereunder, or (xix) Borrower defaults in the prompt payment, performance or fulfillment of any obligations of any kind or nature to any other party, or (xx) Borrower or any Guarantor ceases to do business, or (xxi) a judgment is entered against Borrower or any Guarantor.

14. **Remedies.** Upon the occurrence of any default or Event of Default, or in the event of a default in the payment of any amount when due, or in the event of a default in the performance or any nonperformance of any obligation due and owing under this Agreement or any Obligations of Borrower to Lender: (i) all Liabilities of Borrower shall, at the option of Lender, become immediately due and payable and Lender may accelerate the maturity of the entire unpaid indebtedness and declare the entire indebtedness under all or any part of the Obligations to be at once due and immediately payable, whereupon the entire unpaid indebtedness shall become immediately due and payable without notice or demand. The right to accelerate maturity of sums due under this Agreement does not include the right to accelerate any interest which has not otherwise accrued on the date of the acceleration, and Lender does not intend to charge or collect any unearned interest in the event of acceleration, and (ii) Lender shall have and may exercise all of the rights and remedies granted to a secured party under the Code, and all other rights and remedies available to creditors at law or in equity and Lender may sue to enforce Borrower's performance hereunder, or may exercise any other remedy then available to Lender permitted at law or in equity whether or not stated herein and whether stated in this paragraph or any other paragraph contained in the Agreement or any other agreement between the parties, and (iii) Lender shall have the right, immediately, and without notice or other action, to set-off against any of Borrower's liabilities to Lender, any money owed by Lender in any capacity to Borrower, whether or not due, and (iv) Lender is hereby authorized and empowered, with or without the aid of any person or persons, to enter any premises where any of the Collateral or any part thereof is or may be located, and to assemble and/or remove the Collateral and/or to render the Collateral unusable and may take possession of all or part of the Collateral, at any time, wherever the Collateral may be and Lender may proceed with or without judicial process to take possession of all or any part of the Collateral, and (v) Borrower agrees that Lender may enter any premises, with or without process of law, voluntarily or involuntarily, without notice, demand or legal process (Borrower, if permitted by applicable law, hereby waiving any right to

Page 7 of 14

notice or a hearing) and search for the Collateral or any part thereof, and Lender may repossess/take possession of, remove, and/or keep and store the Collateral on said premises until sold, without liability for trespass nor charge for storage, all without liability to Borrower arising out of such entry, taking possession or removal, or using premises to store or show the Collateral for sale or other disposition without charge. Borrower shall do everything necessary to make same available to Lender (including, without limitation, assembling the Collateral, delivering and making it available to Lender at a place designated by Lender which is reasonably convenient to Borrower and Lender), and (vi) Borrower agrees to immediately deliver possession of the Collateral to Lender, and agrees to assign, transfer and deliver at any time the whole or any portion of the Collateral or any rights or interest therein in accordance with the Code and other applicable law without limiting the scope of Lender's rights thereunder, and (vii) Subject to applicable law, Lender may sell the Collateral at public or private sale, or retain the Collateral in full or partial satisfaction of the indebtedness due to Lender or dispose of the Collateral in any other commercially reasonable manner and, at the option of Lender, in bulk or in individual units or both and with or without having the Collateral at the sale or other disposition, all free and clear of any claims or rights of Borrower and Borrower agrees that in case of sale or other disposition of the Collateral described above, or any portion thereof, Lender shall apply all proceeds first to all costs and expenses of disposition, including reasonable attorneys' fees and court costs and expenses, and then to Borrower's Obligations to Lender, and Borrower acknowledges and agrees that in any action or proceeding brought by Lender to obtain possession of any Collateral, Lender shall be entitled to issuance of a writ or order of possession (or similar legal process) without the necessity of posting a bond, security or other undertaking which is hereby waived by Borrower. If Borrower contests Lender's right to possession of any Collateral in any action or proceeding, Borrower shall post a bond (issued by a national insurer authorized to issue such bonds in the jurisdiction of such action or proceeding) in an amount equal to twice the amount in controversy in such action or proceeding or twice the amount of Borrower's unpaid Obligations to Lender, whichever is less. Borrower agrees that upon the request of Lender, after any default, to segregate and hold all or any part of the Collateral in a fiduciary capacity and to adequately maintain, service and insure said property and to protect same from use and/or abuse, all without charge to Lender, such fiduciary duty to terminate only upon the actual delivery of the Collateral to Lender.  Lender may require Borrower to i) pay all accrued interest, late charges, collection charges, the default rate of interest, reimbursement for any and all costs and expenses incurred by Lender in enforcing any of the Obligations or this agreement and any reasonable attorneys' fees, ii) deliver any or all of the Collateral at Borrower's expense to such place or places as Lender may designate.  No failure or delay on the part of Lender to exercise any right or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right or remedy hereunder preclude any other or further exercise thereof or the exercise of any other right or remedy.  Lender does not waive any right and/or remedy not exercised and retains all rights and remedies subject to applicable law.  The exercise or partial exercise of any remedy shall not be construed as a waiver of any other remedy nor constitute an election of remedies. The provisions of this Agreement and the rights and remedies granted to Lender herein shall be in addition to, and not in limitation of, those of any other agreement with Lender, the Code or any other evidence of any obligations held by Lender.

15. **Default Rate of Interest**. Upon the occurrence of an Event of Default any amounts due and to become due hereunder shall, without notice, bear interest, from the date such amounts are due until paid, at a rate (referred to as the "Default Rate or Delinquent Interest") which is the lesser of: (a) the maximum rate per annum which Lender is permitted by law to charge, or (b) eighteen percent (18%) per annum.

16. **Disposition; Expenses.**  Borrower shall pay all reasonable expenses of Lender in obtaining possession, the disposition of and realizing upon the Collateral and collecting all liabilities of Borrower to Lender, including but not limited to any collection agency fee. In any interpretation or enforcement of the Agreement or any dispute related thereto or to the relationship between the parties, Borrower shall pay Lender's legal expenses and reasonable attorneys' fees, including any incurred before and at trial, on appeal, in any other proceeding or without any litigation being filed.  Any notification of a sale or other disposition of the Collateral or of other action by Lender required to be given by Lender, will be sufficient and deemed commercially reasonable if given personally, or by US Postal Service regular mail, or delivered by facsimile transmission or overnight carrier or emailed (if legally permissible) at least ten (10) days prior to the day on which such sale or other disposition will be made or action taken.  In the event Lender sells all or part of the Collateral at public or private sale: (i) Lender shall not be required to refurbish, repair or otherwise incur any expenses in preparing the Collateral for sale but may sell its interest therein on an "AS-IS," "WHERE-IS" basis, if allowed by applicable law, and whether or not the items sold are in Lender's possession and present at the time and place of sale; (ii) Lender may, but shall not be obligated to, bid, credit bid or become the purchaser at any such sale, may or may not set any minimum bid, and may sell the Collateral in individual units or in bulk, including all of the Collateral sold in one lot as a whole; (iii) Borrower waives any and all rights of redemption from any such sale; (iv) Any public sale will be deemed commercially reasonable if notice thereof is provided to Borrower personally or by US Postal Service regular mail, or delivered by facsimile transmission or overnight carrier or

Triumph LSA 1 601001 v02.00                                        Copyright 2015

emailed (if legally permissible) at least ten (10) days before such sale, and sent to the address indicated above, and advertised in at least one newspaper of general circulation in the area of the sale (available on the newspaper's website in electronic format or in print) at least twice prior to the date of sale (and in the event there is no newspaper of general circulation, other electronic means to publicly notice the sale) and if upon terms of ten percent (10%) cash down with the balance payable in good funds within twenty-four (24) hours after the sale or such other more favorable terms as may be agreed to by Lender; (v) Any private sale shall be deemed commercially reasonable if notice thereof shall be provided to Borrower personally, or by US Postal Service regular mail, or delivered by facsimile transmission or overnight carrier or emailed (if legally permissible) at least ten (10) days before the sale date stated therein sent to the address indicated above; (vi) The proceeds of any public or private sale shall be applied first to pay all costs, expenses and charges including but not limited to searching, locating, taking, removing, repossessing, keeping, advertising, marketing and selling the Collateral, reasonable attorneys' fees, costs and expenses, court costs, bond and insurance premiums, advertising, postage and publishing costs, and sales commissions, and second to the payment, partly or entirely, of any of the Obligations in any manner as Lender may in its sole discretion elect, returning any excess to Borrower, if any, or such other party in interest as may be required by law. Notwithstanding the foregoing, the Borrower shall remain liable to Lender for any deficiency due and owing after application of the proceeds described above, plus late charges and Delinquent Interest and other amounts as provided herein. No action taken by Lender shall release Borrower from any of the Obligations or its obligations to Lender. Failure of Lender to comply with the terms listed in this paragraph shall not render any sale invalid or commercially unreasonable. Lender may without prior notice to or demand upon Borrower and with or without the exercise of any of Lender's other rights or remedies, apply toward the payment of Borrower's Obligations (at any time owing to Lender) any checks, drafts, agreements, balances, reserves, accounts and sums belonging to or owing to Borrower and coming into Lender's possession and for such purpose may endorse Borrower's name on any instrument or document payable to Borrower (whether for deposit, collection, discount or negotiation). Without notice to Borrower, Lender may make such applications or change applications of sums previously paid and/or to be paid to Lender, to such Obligations as Lender in its sole discretion may choose.

17. **Protection of the Collateral**. At its option and in its sole discretion, Lender may discharge taxes, liens or other encumbrances at any time levied or placed on the Collateral, and may pay for insurance and maintenance and preservation of the Collateral. Borrower agrees to reimburse Lender on demand for any payment made or any expense incurred by Lender pursuant to the foregoing authorization and to pay a fee for additional monitoring incurred by Lender for Borrower's failure to maintain coverage or protection as provided herein. Any payments made by Lender shall be immediately due and payable by Borrower and shall bear interest at the Default Rate. Should Borrower fail to pay taxes or repairs relating to the Collateral or to maintain or obtain insurance, Lender shall have the right, but not the obligation, and without releasing Borrower from any obligation hereunder, to pay any sum due in connection therewith or to contest or compromise any encumbrance, charge, tax or lien and in exercising any such rights, incur any liability and expend whatever amounts in its absolute discretion it may deem necessary. If Lender shall pay for any of the foregoing, Borrower shall promptly reimburse Lender therefore on demand together with interest thereon at the Default Rate.

18. **Additional Security, Right to Set-off**. Lender may proceed against and/or enforce any of its rights with respect to the Collateral in whatever order it may, in its sole discretion, deem appropriate. Any amount(s) received by Lender from whatever source may be applied by Lender to any of the Obligations and may be applied in such order of application, as Lender shall from time to time, in its sole discretion, elect. To the extent permitted by applicable law, Lender reserves a right of set-off in all of Borrower's accounts and deposit accounts with Lender (whether checking, savings, money market or some other account). This includes all accounts and deposit accounts Borrower holds jointly with someone else and all accounts and deposit accounts Borrower may open in the future. However, this does not include any IRA, Keogh accounts, or any trust account(s) whereupon set-off would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or set-off all sums owing on the indebtedness against any and all such accounts and/or deposit accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and set-off rights provided in this paragraph.

19. **Assignment**. All covenants and agreements contained by or on behalf of Borrower or any Guarantor in this Agreement shall bind its successors and assigns or the heirs and personal representatives of any individual guarantor and shall inure to the benefit of Lender and its successors and assigns. Lender may sell or assign any and all right, title and interest it has under this Agreement and in the Collateral, in whole or in part. Borrower shall, upon the direction of Lender: (a) execute all documents necessary to effectuate such assignment, and (b) pay directly and promptly to Lender's assignee, without abatement, deduction, offset, set-off, defenses, claims, counterclaims, or causes of action, all amounts which have become due under the assigned agreements. Lender's assignee shall have any and all rights, immunities and discretion of Lender

17

hereunder and shall be entitled to exercise any remedies of Lender hereunder. All references herein to Lender shall include Lender's assignee (except that said assignee shall not be chargeable with any obligations or liabilities hereunder or in respect hereof). Borrower shall not assert against Lender's assignee any abatement, deduction, offset, defense, claim, counterclaim, causes of action or set-off which Borrower may assert it has against Lender. Borrower shall not assign or in any way dispose of all or any of its rights or obligations under this Agreement or enter into any agreement regarding all or any part of the Collateral without the prior written consent of Lender which may be withheld or denied, in its sole and absolute discretion, and any such purported assignment without the prior written consent of Lender by Borrower shall be null and void ab initio. In connection with the granting of such consent and the preparation of necessary documentation, a fee, determined by Lender in its sole and absolute discretion, shall be assessed. In the event that Lender has consented in writing, in its sole or absolute discretion, to any lease or license of the Collateral or any part thereof, Borrower hereby assigns and grants to Lender a security interest in any and all rights under any lease(s) or license(s), to secure all Obligations to Lender, and Borrower shall deliver to Lender the original of such lease(s).

20. **Entire Agreement**. THIS AGREEMENT AND ALL OTHER DOCUMENTS EXECUTED IN CONNECTION HEREWITH REPRESENTS AND EMBODIES THE FINAL AND ENTIRE AGREEMENT BETWEEN THE PARTIES AND SUPERSEDES ALL PRIOR AGREEMENTS AND UNDERSTANDINGS RELATING TO THE SAME SUBJECT MATTER HEREIN AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES. Borrower acknowledges that no promises of any kind have been made by Lender or any third party to induce Borrower to execute this Agreement except to the extent expressly contained herein. Upon request, the parties will promptly execute and deliver such other and further documents and instruments, and shall do or take such other actions as may be reasonably required or appropriate, to cure any defects in the creation and issuance of this Agreement or in the perfection or preservation of the security interests contemplated herein.

21. **Amendment and Waiver.** No termination, waiver, amendment or modification of any of the terms or provisions of this Agreement or any obligation of Borrower to Lender shall be valid or binding unless set forth in a writing signed by a duly authorized officer of Lender, and then only to the extent specifically set forth therein. The waiver by Lender of any default hereunder or of any provisions hereof shall not discharge any party hereto from liability hereunder and such waiver shall be limited to the particular Event of Default and shall not operate as a waiver of any other or subsequent default.

22. **Attorneys' Fees; Expenses**. Borrower agrees to reimburse Lender on demand for the actual amount of all costs and expenses, including reasonable attorneys' fees, fees of auditors and accountants, and investigation expenses, UCC and tax lien searches, credit investigation fees, which Lender may incur in: (a) preparing, negotiating, closing, funding, amending, interpreting, administering and/or enforcing this Agreement and any documents prepared in connection herewith; (b) protecting, preserving or enforcing any lien, security interest or other right granted by Borrower to Lender or arising under applicable law, whether or not suit is brought; (c) in defense of Lender's interest or ownership rights in the Collateral including its priority; (d) in connection with any federal or state insolvency proceeding commenced by or against Borrower, or any subpoena or other legal process in any way relating to Borrower, including but not limited to those arising out of the automatic stay or seeking relief thereof, seeking dismissal or conversion of the bankruptcy proceeding or opposing confirmation of Borrower's plan thereunder. This provision shall survive termination of this Agreement. Notwithstanding the existence of any law, statute, rule or otherwise, in any jurisdiction which may provide Borrower with a right to attorneys' fees or costs, Borrower hereby waives any and all rights to seek such attorneys' fees or costs and Borrower agrees that Lender exclusively shall be entitled to indemnification and recovery of any and all reasonable attorneys' fees or costs in respect to any litigation based hereon, arising out of, or related hereto, whether under, or in connection with, this and/or any agreement executed in conjunction herewith, or any course of conduct, course of dealing, statements (whether verbal or written) or actions of either party.

23. **Choice of Law; Venue and Jurisdiction**. INTENDING THAT EACH AND EVERY PROVISION OF THIS AGREEMENT BE FULLY EFFECTIVE AND ENFORCEABLE ACCORDING TO ITS TERMS, THE PARTIES AGREE THAT ANY CLAIM, CONTROVERSY, DISPUTE, THE VALIDITY, ENFORCEABILITY AND EFFECTIVENESS OF EACH PROVISION HEREOF AND THE OBLIGATIONS OF THE BORROWER, AND THE RIGHTS AND REMEDIES OF THE LENDER IN ANY WAY RELATED TO OR ARISING UNDER THIS AGREEMENT OR UNDER ONE OR MORE OBLIGATIONS OF BORROWER TO LENDER AND THE RELATIONSHIP OF THE PARTIES SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, WITHOUT REGARD TO THE CONFLICTS OF LAWS PRINCIPLES

Triumph LSA 1 601001 v02.00           Copyright 2015

18

OR PROVISIONS THEREIN EXCEPT TO THE EXTENT THAT THE FEDERAL LAWS OF THE UNITED STATES OF AMERICA OTHERWISE PREEMPT TEXAS LAW, IN WHICH EVENT FEDERAL LAW SHALL CONTROL. BORROWER HEREBY IRREVOCABLY CONSENTS TO THE NON-EXCLUSIVE JURISDICTION OF THE STATE AND FEDERAL COURTS OF THE STATE OF TEXAS IN CONNECTION WITH ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THE AGREEMENT OR THE OBLIGATIONS OR THE TRANSACTION CONTEMPLATED HEREBY. Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall, if Lender so elects, be instituted in any State or Federal Court sitting in Dallas County, Texas or, if none, any court sitting in the State of Texas (the "Acceptable Forums"). Borrower agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction and/or based upon venue or "forum non conveniens" in connection with any such action or proceeding. Should such proceeding be initiated in any other forum, Borrower waives any right to oppose any motion or application made by Lender to transfer such proceeding to an Acceptable Forum.

24. **Counterparts.** This Agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if all signatures were upon the same instrument. Delivery of an executed counterpart by electronic transmission shall be effective as delivery of a manually executed counterpart, and any party delivering such an executed counterpart shall thereafter also promptly deliver a manually executed counterpart, provided that the failure to deliver such manually executed counterpart shall not affect the validity, enforceability, or binding effect of this Agreement.

25. **Notice.** All communications under or in connection with this Agreement (other than notices of public or private sale, which have notice provisions described in this Agreement) shall be in writing and personally delivered to an officer of the receiving party and/or shall be mailed by registered or certified mail, return receipt requested, postage prepaid, to the addresses of the parties listed in this Agreement or to such other addresses as each such party may in writing hereafter indicate in compliance with this Agreement. Any notice so addressed and mailed by registered or certified mail, return receipt requested, shall be deemed to be given to Borrower when so mailed and to Lender upon actual receipt by an authorized officer of Lender, and any notice so delivered in person shall be deemed to be given when actually received by, or receipt therefor is given by, an authorized officer of Borrower or Lender, as the case may be.

26. **DTPA Waiver.** Borrower acknowledges and agrees that Borrower has the knowledge and experience in financial and business matters to evaluate the merits and risks of the business transaction contemplated herein, is not in a disparate bargaining position relative to negotiating this Agreement and willingly waives and releases, without limitation, all rights and remedies associated with the Texas Deceptive Trade Practices Act ("DTPA") or such similar statute.

27. **Invalidity and Statute of Limitations.** In the event that any one or more of the provisions contained in this Agreement is/are in conflict with any statute, judicial decision or law and thus not valid or enforceable or is held, rendered or declared invalid, illegal or unenforceable in any respect by any existing or subsequently enacted legislation or decision of a court of competent jurisdiction, such legislation or decision regarding the invalidity, illegality or unenforceability shall not affect, impair, invalidate or nullify the remainder of this Agreement or any other provision of this Agreement which shall remain in full force and effect. Borrower unconditionally and irrevocably stipulates and agrees that Borrower shall have no right to assert any claim, cause of action or counter claim, or to commence any action or proceeding against Lender as a result of, arising out of, or in any way related to the Agreement or the Collateral for the lesser of two years and one day after such claim, counter claim or cause of action shall accrue or any applicable statute of limitations. In no event shall the foregoing provision be read or interpreted to increase or lengthen any applicable statute of limitations.

28. **Survival of Agreements.** All representations and warranties of Borrower herein, and all covenants and agreements herein not fully performed before the effective date of this Agreement, shall survive such date.

29. **Renewal or Extension.** All provisions of this Agreement relating to the Obligations shall apply with equal force and effect to each, and to all documents and instruments hereinafter executed which in whole or in part represent a renewal, extension, increase, rewrite or rearrangement of any part of the Obligations. Any provision of this Agreement to be performed during the "term of this Agreement" "term hereof" or similar language, shall include any extension period. The loan documents exclusively represent the agreements between the parties and the intent of the parties thereto and supersede any prior proposal letters, commitment letters, oral covenants, oral agreements or negotiations.

Triumph LSA 1 601001 v02.00                                                                                     Copyright 2015

30. **Cumulative Rights**.  The rights and remedies of Lender under this Agreement shall be cumulative, and the exercise or partial exercise of any such right or remedy shall not preclude the exercise of any other right or remedy.

31. **Negotiation of Documents**.  This Agreement has been negotiated by the parties at arm's length, each party represented by its own counsel, or waiving the right to be represented by counsel, and the fact that the documents have been prepared by Lender's counsel, after such negotiation, shall not be cause to construe any of such documents against Lender.  Borrower acknowledges and agrees that this Agreement was deemed negotiated, approved, accepted and funded in Dallas, Texas.  The Borrower has been advised and represents that it understands (i) that the Lender is a state savings bank in the State of Texas with its principal place of business in Dallas County, TX, (ii) that Lender negotiated, documented, closed and funded this Agreement in Dallas County, TX, (iii) that the documents will be maintained and stored in Dallas County, TX.  The parties agree that any copy of this executed Agreement, including any photocopy, telecopy, electronic copy or facsimile thereof, shall have the same force and effect as though it were an original for all purposes, including but not limited to the enforcement of any of the terms and conditions thereof and the admissibility of such loan document in any legal or equitable proceeding.

32. **Debtor-Creditor Relationship**.  None of the terms of this Agreement or of any other document executed in conjunction herewith or related hereto shall be deemed to give Lender the rights or powers to exercise control over the business or affairs of Borrower. The relationship between Borrower and Lender created by this Agreement is only that of debtor/creditor.

33. **Indemnification**.  Borrower assumes liability for and agrees to defend, indemnify, protect, save and hold harmless Lender and its affiliates and their respective officers, directors, employees, agents, attorneys and advisors (each, an "Indemnified Party") from and against any and all claims, damages, losses, liabilities, disbursements, costs and expenses, including, without limitation, reasonable attorneys' fees, court costs and expenses that may be incurred by or asserted or awarded against any Indemnified Party; i) arising out of or related to the Obligations, or the manufacture, financing, ownership, delivery, possession, use, operation, condition, or disposition of the Equipment by Borrower, including without limitation, any claim alleging latent and other defects, whether or not discoverable by Lender or Borrower and any other claim arising out of strict liability in tort, whether or not in either instance relating to an event occurring while Borrower remains obligated under this Agreement, and any claim for patent, trademark or copyright infringement, and/or ii) arising out of or related to any challenge to the nature or priority of Lender's security interest in/to the Collateral, except to the extent such claim, damage, loss, liability, cost or expenses is found in a final, non-appealable judgment by a court of competent jurisdiction to have resulted from such Indemnified Party's gross negligence or willful misconduct. In the case of an investigation, litigation or other proceeding to which the indemnity in this section applies, such indemnity shall be effective without prejudice to the survival of any other agreement of Borrower hereunder, and the agreements and obligations of Borrower contained in this section shall survive the payment in full of the indebtedness and all other amounts payable under this Agreement. To the maximum extent permitted by law, Borrower hereby knowingly, voluntarily and intentionally (and after each has consulted with its own attorney) irrevocably and unconditionally agrees that no claim may be made by Borrower against any Indemnified Party for any special, indirect, consequential or punitive damages in respect of any breach or wrongful conduct (whether the claim is based on contract, tort, common law or statute) arising out of, or related to, the transactions contemplated by this Agreement or any other Obligation or related documents, or any act, omission, or event occurring in connection herewith or therewith. In furtherance of the foregoing, Borrower hereby waives, releases and shall indemnify and hold harmless any and all Indemnified Parties from any such claims.

34. **Waiver of Trial by Jury**.  **EACH PARTY TO THIS AGREEMENT HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVES ANY RIGHT TO A TRIAL BY JURY FROM OR RELATING TO THEIR RELATIONSHIP, ANY CLAIM, DEMAND, ACTION, CAUSE OF ACTION AND/OR COUNTERCLAIM (a) ARISING UNDER THIS AGREEMENT OR ANY OTHER OBLIGATION, INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH, OR (b) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT TO THIS AGREEMENT OR ANY OTHER OBLIGATION, INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH, OR THE TRANSACTIONS RELATED HERETO OR THERETO.  THE PARTIES ACKNOWLEDGE THAT A RIGHT TO A JURY IS A CONSTITUTIONAL RIGHT, THAT THEY HAVE HAD AN OPPORTUNITY TO CONSULT WITH INDEPENDENT COUNSEL, AND THAT THIS JURY WAIVER HAS BEEN ENTERED INTO KNOWINGLY AND VOLUNTARILY BY ALL PARTIES TO THIS AGREEMENT.  IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR**

Triumph LSA 1 601001 v02.00                                                     Copyright 2015

20

OTHERWISE, EACH PARTY HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION, CAUSE OF ACTION AND/OR COUNTERCLAIM SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY TO THIS AGREEMENT MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE PARTIES TO THE WAIVER OF THEIR RIGHT TO TRIAL BY JURY.

35. **Reversal of Payments**.  Lender shall have the continuing and exclusive right to apply, reverse and re-apply any and all payments to any portion of the Obligations in a manner consistent with the terms of this Agreement. To the extent Borrower makes a payment or payments to Lender, or Lender receives any payment or proceeds of any collateral for Borrower's benefit, which payment(s) or proceed(s) or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside and/or required to be repaid to a trustee, receiver or any other party under any bankruptcy law, state or federal law, common law or equitable cause, then, to the extent of such payment or proceeds received, the Obligations or party thereof intended to be satisfied shall be revived and continued in full force and effect, as if such payment or proceeds had not been received by Lender.

36. **Injunctive Relief**.  Borrower recognizes that, in the event Borrower fails to perform, observe or discharge any of its obligations or liabilities under this Agreement, any remedy at law may prove to be inadequate relief to Lender, therefore, Borrower agrees that if any default or Event of Default shall have occurred and be continuing, Lender shall be entitled to temporary and permanent injunctive relief without the necessity of proving actual damages and without the posting of bond or other security in connection with such injunctive relief.

37. **Time of the Essence**.  Time is of the essence with respect to the payment and performance of Borrower's obligations under this Agreement and any other agreement between Borrower and Lender.

38. **Use of Headings**.  The headings used in each section of this Agreement are for ease of reference only.  Such headings are not intended to serve any descriptive, explanatory or other purpose and are of no legal or other significance whatsoever.  The terms "this Agreement," or "hereof," or "herein," or "hereunder," and any similar expressions refer to this Agreement and not to any particular paragraph or section or portion hereof.  Lender and Borrower shall collectively be referred to herein as the "parties," and each individually as a "party."

IN WITNESS WHEREOF, the parties have executed this Agreement on the Execution Date.

Triumph LSA 1 601001 v02.00                                        Copyright 2015

21

**LENDER:**

TBK BANK, SSB

By: _____

Name: _Dirk Copple_

Title: _EVP_

**BORROWER:**

**RDX INC.,**
a **CALIFORNIA CORPORATION**

By: _____

Name: NAVDEEP KAUR SINGH

Title: CEO/PRESIDENT

**BORROWER:**

**NAVDEEP KAUR SINGH,**
a **CALIFORNIA SOLE PROPRIETOR**

By: _____

Name: NAVDEEP KAUR SINGH

Title: SOLE PROPRIETOR

Page 14 of 14

Triumph LSA 1 601001 v02.00        Copyright 2015

SCHEDULE "A"

This schedule is attached to and becomes part of that certain LOAN AND SECURITY AGREEMENT
dated <u>MARCH 21, 2016</u> (hereinafter referred to as the "Agreement") between the undersigned parties listed below,
the Borrower and TBK BANK, SSB, as Lender

**DESCRIPTION OF PROPERTY**

| YEAR | MAKE | MODEL | DESCRIPTION | VIN # |
|------|------|-------|-------------|-------|
| 2008 | FREIGHTLINER | CLASSIC | TRACTOR | 1FUJALCV88DY81229 |
| 2008 | FREIGHTLINER | CLASSIC | TRACTOR | 1FUJALCV78DZ84111 |
| 2008 | FREIGHTLINER | CLASSIC | TRACTOR | 1FUJALCV28DZ84114 |
| 2009 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CV59DAA9107 |
| 2009 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CV79DAA9108 |
| 2009 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CV59DAA9110 |
| 2009 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CV09DAA9113 |
| 2009 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGECV09LAH3098 |
| 2008 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CK18DY78812 |
| 2008 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CK38DY78858 |
| 2008 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CK38DY78861 |
| 2008 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CK98DY78878 |
| 2008 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CK58DY78893 |
| 2008 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CK58DY78912 |
| 2011 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CK9BDAV9752 |
| 2011 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CK0BDAV9753 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGBDV6BSAZ8388 |
| 2008 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CV78LZ46465 |
| 2008 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CV28LZ46468 |
| 2008 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CV08LZ46470 |
| 2008 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CV48LZ46472 |
| 2008 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CV08LZ46467 |
| 2008 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CV98LZ46466 |
| 2008 | FREIGHTLINER | COLUMBIA | TRACTOR | 1FUJA6CV48LZ46469 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDR4BSAV0929 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDR1BSAV0919 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDR2BSAV0928 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDR2BSAV0931 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDR0BSAV0927 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDR8BSAV0920 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDRXBSAV0918 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDR7BSAV0925 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDR5BSBA9739 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDR3BSBA9741 |

| | | | | |
|------|---------------|------------|---------|-------------------|
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDR1BLAX9685 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDR5BLAX9687 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDR9BLAX9689 |
| 2011 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGLDRXBLAX9684 |
| 2010 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGEDV9ALAS0049 |
| 2010 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGEDV8ALAS0043 |
| 2010 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGEDV9ALAS0052 |
| 2010 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGEDV2ALAS0054 |
| 2010 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGEDV1ALAS0062 |
| 2010 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGEDV5ALAS0050 |
| 2010 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGEDV4ASAL7542 |
| 2010 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGEDV8ASAL7530 |
| 2010 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGEDV3ASAL7533 |
| 2010 | FREIGHTLINER | CASCADIA | TRACTOR | 1FUJGEDV8ASAL7544 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJR6BN353836 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJRXBN353838 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJR1BN353839 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJR0BN386461 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJR1BN386372 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJR3BN386373 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJR2BN386395 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJRXBN386595 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJR3BN386339 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJR7BN386344 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJR8BN386501 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJR0BN353833 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJR6BN386500 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJR1BN386386 |
| 2011 | INTERNATIONAL | PRO STAR | TRACTOR | 3HSDJSJR7BN410139 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4321EB343964 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4323EB343965 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4325EB343966 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4327EB343967 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4329EB343968 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4320EB343969 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4327EB343970 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4329EB343971 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4320EB343972 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4322EB343973 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4324EB343974 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4326EB343975 |

| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4328EB343976 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP432XEB343977 |
| 2014 | PRATT | DROP DECK | TRAILER | 1P9CP4321EB343978 |

and any and all additions, attachments, accessories, substitutions, replacements, replacement parts, software and software upgrades, and all cash and non cash proceeds including without limitation, any rental proceeds, insurance proceeds, accounts, accounts receivable, chattel paper and electronic chattel paper arising out of or related to the use, sale, lease, rental or other disposition thereof. The Borrower hereby consents and agrees that all of the terms, provisions and obligations contained in the Agreement are in full force and effect and are hereby ratified and confirmed.

**LENDER:**

TBK BANK, SSB

By: _____

Name: _Dirk Copple_

Title: _EVP_

**BORROWER:**

RDX INC.

By: _____

Name: NAVDEEP KAUR SINGH

Title: CEO/PRESIDENT

NAVDEEP KAUR SINGH

By: _____

Name: NAVDEEP KAUR SINGH

Title: SOLE PROPRIETOR

# Exhibit 3

D. NEW OWNER'S ADDRESS    APT NUMBER    C. ODOMETER READING (NO TENTHS)

D. CITY    STATE    ZIP CODE    E. DATE OF SALE OR LEASE RETURN    MO   DAY   YR

F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME    FIRST    G. SELLING PRICE (NO CENTS)    WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS    APT NUMBER    I. SELLER'S OR LESSEE'S SIGNATURE

X

J. CITY    STATE    ZIP CODE

VEHICLE ID NUMBER      YR MODEL   MAKE     PLATE NUMBER

1FUJA6CK18DY78812      2008 FRHT     3QKD249

REG 138A (REV. 10/2012)

400406361

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

VEHICLE HISTORY

61416080 1A2

**COMMERCIAL**     **TITLE ONLY**

| | | YR MODEL | MAKE | | PLATE NUMBER |
|---|---|---|---|---|---|
| VEHICLE ID NUMBER | | | | | |

1FUJA6CK18DY78812     2008 FRHT     3QKD249

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| DS | 3 | 16500 | D | | $15 | 04/30/2013 |

| | YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|---|
| | MX | 2013 | XV | | | 08/01/16 |

MOTORCYCLE ENGINE NUMBER

| ODOMETER DATE | ODOMETER READING |
|---|---|
| 08/06/2013 | 509625 MI |

**ACTUAL MILEAGE**

REGISTERED OWNER(S)

SINGH NAVDEEP ✓
5724 W MAGILL AVE
FRESNO CA 93722

-----

I certify (or declare) under penalty of perjury under the laws of the State of California that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a. ____ DATE   X ____   SIGNATURE OF REGISTERED OWNER

1b. ____ DATE   X ____   SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ ][ ][ ][ ][ ][ ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING   ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY    PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

TBK BANK SSB ✓
12700 PARK CENTRAL DR
STE 1700
DALLAS
TX 75251

2. X ____
Signature releases interest in vehicle. (Company names must be countersigned)

Release Date ____

CA167443347

022100    REG. 17 30RS (REV. 02/2016)

VOID WITHOUT BEAR WATERMARK, HOLD TO LIGHT TO VIEW

KEEP IN A SAFE PLACE - VOID IF ALTERED

27

A. NEW OWNER'S *LAST NAME* (OR) COMPANY NAME    *FIRST*

B. NEW OWNER'S ADDRESS    APT NUMBER

C. ODOMETER READING (NO TENTHS)

D. CITY    STATE    ZIP CODE

E. DATE OF SALE OR LEASE RETURN   MO   DAY   YR

F. SELLER'S OR LESSEE'S *LAST NAME* (OR) COMPANY NAME    *FIRST*

G. SELLING PRICE (NO CENTS)   WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS    APT NUMBER

I. SELLER'S OR LESSEE'S SIGNATURE   X

J. CITY    STATE    ZIP CODE

VEHICLE ID NUMBER    YR MODEL   MAKE    PLATE NUMBER

1FUJA6CK3BDY78858    2008 FRHT    3QKD253

REG 138A (REV. 10 2012)

---

# STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

VEHICLE HISTORY

61416080142

COMMERCIAL    TITLE ONLY

| | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| VEHICLE ID NUMBER 1FUJA6CK3BDY78858 ✓ | 2008 | FRHT | 3QKD253 |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| DS | 3 | 16,500 | D | | $15 | 04/30/2013 |

| | YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|---|
| | MX | 2013 | XV | | | 08/01/16 |

MOTORCYCLE ENGINE NUMBER

ODOMETER DATE    ODOMETER READING
08/06/2013    499200 MI
ACTUAL MILEAGE

REGISTERED OWNER(S)
NAVDEEP SINGH ✓
5724 W MAGILL AVE
FRESNO CA 93722

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a _____ X _____
   DATE        SIGNATURE OF REGISTERED OWNER

1b _____ X _____
   DATE        SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ ][ ][ ][ ][ ][ ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

TBK BANK SSB ✓
12700 PARK CENTRAL DR
STE 1700
DALLAS
TX 75251

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date _____

CA167443348

022101    REG. 17 30RS (REV 02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW. VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

A. NEW OWNER'S *LAST NAME* (OR) COMPANY NAME      *FIRST*

B. NEW OWNER'S ADDRESS      APT NUMBER

C. ODOMETER READING (NO TENTHS)

D. CITY      STATE      ZIP CODE

E. DATE OF SALE OR LEASE RETURN

F. SELLER'S OR LESSEE'S *LAST NAME* (OR) COMPANY NAME      *FIRST*

G. SELLING PRICE (NO CENTS) WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS      APT NUMBER

I. SELLER'S OR LESSEE'S SIGNATURE

X

J. CITY      STATE      ZIP CODE

VEHICLE ID NUMBER      YR MODEL   MAKE      PLATE NUMBER

**1FUJALCK38DY78861**      **2008 FRHT**      **3QKD252**

REG 138A (REV. 10/2012)

---

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

VEHICLE HISTORY

**61416080IA2**

**COMMERCIAL**      **TITLE ONLY**

| VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| **1FUJALCK38DY78861** | **2008** | **FRHT** | **3QKD252** |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| **DS** | **3** | **16500** | **D** | | **$15** | **04/30/2013** |

| | YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|---|
| | | **MX** | **2013** | **XV** | | **08/01/16** |

MOTORCYCLE ENGINE NUMBER

ODOMETER DATE **08/06/2013**      ODOMETER READING **510210 MI**

**ACTUAL MILEAGE**

REGISTERED OWNER(S)

**NAVDEEP SINGH** ✓
**5724 W MAGILL AVE**
**FRESNO CA 93722**

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a _____ X _____
DATE      SIGNATURE OF REGISTERED OWNER

1b _____ X _____
DATE      SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ ][ ][ ][ ][ ][ ] (no tenths) miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING   ☐ Odometer reading is not the actual mileage.   ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE(S)/(BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

**TBK BANK SSB** ✓
**12700 PARK CENTRAL DR**
**STE 1700**
**DALLAS**
**TX 75251**

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)

Release Date _____

**CA167443349**

**022102**      REG. 37.30RS (REV.02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

29

A. NEW OWNER'S (LAST) NAME (OR) COMPANY NAME     FIRST

B. NEW OWNER'S ADDRESS      APT NUMBER     C. ODOMETER READING (NO TENTHS)

D. CITY     STATE     ZIP CODE     E. DATE OF SALE OR LEASE RETURN

F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME     FIRST     G. SELLING PRICE (NO CENTS)   WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS     APT NUMBER     I. SELLER'S OR LESSEE'S SIGNATURE

X

J. CITY     STATE     ZIP CODE

VEHICLE ID NUMBER        YR MODEL   MAKE     PLATE NUMBER

1FUJALCK58DY78893      2008 FRHT      3QKD250

REG 138A (REV 10/2012)

---

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

61416D801A2

VEHICLE HISTORY

**COMMERCIAL      TITLE ONLY**

VEHICLE ID NUMBER     YR MODEL   MAKE     PLATE NUMBER

1FUJALCK58DY78893 ✓      2008 FRHT      3QKD250

BODY TYPE MODEL    AX   UNLADEN WEIGHT   FUEL   TRANSFER DATE     FEES PAID     REGISTRATION EXPIRATION DATE

DS      3   16500   D        $15     04/30/2013

YR 1ST SOLD    CLASS   YR    MO   EQUIPMT/TRUST NUMBER     ISSUE DATE

     MX   2013   XV           08/01/16

MOTORCYCLE ENGINE NUMBER     ODOMETER DATE    ODOMETER READING

                               08/06/2013    479850 MI

                               **ACTUAL MILEAGE**

REGISTERED OWNER(S)

**SINGH NAVDEEP ✓**
**5724 W MAGILL AVE**
**FRESNO CA 93722**

                                      - - - - -

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW. VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a    X
    DATE            SIGNATURE OF REGISTERED OWNER

1b    X
    DATE            SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [   |   |   |   |   ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING    ☐ Odometer reading is not the actual mileage.    ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE    TRANSFEROR/SELLER SIGNATURE(S)     DATE    TRANSFEREE/BUYER SIGNATURE(S)

     X                       X

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY     PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

**TBK BANK SSB ✓**
**12700 PARK CENTRAL DR**
**STE 1700**
**DALLAS**
**TX 75251**

2. X
   Signature releases interest in vehicle. (Company names must be countersigned)

Release Date _____

**CA167443351**

022104    REG. 1730RS (REV.02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

30

**A. NEW OWNER'S LAST NAME (OR) COMPANY NAME** | FIRST

**B. NEW OWNER'S ADDRESS** | APT NUMBER | **C. ODOMETER READING (NO TENTHS)**

**D. CITY** | STATE | ZIP CODE | **E. DATE OF SALE OR LEASE RETURN** | MO | DAY | YR

**F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME** | FIRST | **G. SELLING PRICE (NO CENTS)** WHOLE DOLLARS

**H. SELLER'S OR LESSEE'S ADDRESS** | APT NUMBER | **I. SELLER'S OR LESSEE'S SIGNATURE**

**J. CITY** | STATE | ZIP CODE

X

VEHICLE ID NUMBER | YR. MODEL | MAKE | PLATE NUMBER

1FUJA6CK58DY78912 | 2008 FRHT | 3QKD248

REG 138A (REV 10/2012)

# STATE OF CALIFORNIA
## CERTIFICATE OF TITLE

614160801A2    VEHICLE HISTORY

**COMMERCIAL**    **TITLE ONLY**

VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER
1FUJA6CK58DY78912 ✓ | 2008 FRHT | 3QKD248

BODY TYPE MODEL | AX WEIGHT UNLADEN | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE
DS | 3 16500 D | | | $15 | 04/30/2013

YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE
| MX | 2013 | XV | | 08/01/16

MOTORCYCLE ENGINE NUMBER | ODOMETER DATE 08/06/2013 | ODOMETER READING 525680 MI
ACTUAL MILEAGE

REGISTERED OWNER(S) ✓
SINGH NAVDEEP
5724 W MAGILL AVE
FRESNO CA 93722          - - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. ___ DATE ___ X ___ SIGNATURE OF REGISTERED OWNER

1b. ___ DATE ___ X ___ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and /or imprisonment.

The odometer now reads [ ][ ][ ][ ][ ][ ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING ☐ Odometer reading is not the actual mileage ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE | TRANSFEROR/SELLER SIGNATURE(S) X | DATE | TRANSFEREE/BUYER SIGNATURE(S) X

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)
TBK BANK SSB ✓
12700 PARK CENTRAL DR
STE 1700
DALLAS
TX 75251

2. X ___
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date ___

CA167443352
022105    REG. 17 30RS (REV 02/2013)

**KEEP IN A SAFE PLACE - VOID IF ALTERED**

31

A. NEW OWNER'S *LAST NAME* (OR) COMPANY NAME        *FIRST*

B. NEW OWNER'S ADDRESS        APT NUMBER        C. ODOMETER READING (NO TENTHS)

D. CITY        STATE    ZIP CODE        E. DATE OF SALE OR LEASE RETURN  MO  DAY  YR

F. SELLER'S OR LESSEE'S *LAST NAME* (OR) COMPANY NAME    *FIRST*        G. SELLING PRICE (NO CENTS)  WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS        APT NUMBER        I. SELLER'S OR LESSEE'S SIGNATURE  X

J. CITY        STATE    ZIP CODE

VEHICLE ID NUMBER        YR MODEL  MAKE        PLATE NUMBER

1FUJA6CV08LZ46467        2008 FRHT        3QKD945

REG 138A (REV 10/2012)

# STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

VEHICLE HISTORY

61416080102

**COMMERCIAL**    **TITLE ONLY**

| VEHICLE ID NUMBER | | | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|---|---|
| 1FUJA6CV08LZ46467 ✓ | | | 2008 | FRHT | 3QKD945 |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| DS | 3 | 16500 | D | 07/27/16 | *15 | 07/31/2013 |

| | YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|---|
| | | NJ | 2013 | XV | | 08/01/16 |

MOTORCYCLE ENGINE NUMBER        ODOMETER DATE    ODOMETER READING

REGISTERED OWNER(S) ✓
RDX INC ✓
5724 MAGILL AVE
FRESNO CA 93722

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a _____ DATE _____ X _____ SIGNATURE OF REGISTERED OWNER

1b _____ DATE _____ X _____ SIGNATURE OF REGISTERED OWNER

Federal and state law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ ] [ ] [ ] [ ] [ ] [ ] (no tenths) miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING** ☐ Odometer reading is **not** the actual mileage ☐ Mileage exceeds the odometer mechanical limits.

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEROR/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY    PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

TBK BANK SSB ✓
12700 PARK CENTRAL DR
STE 1700
DALLAS
TX 75251

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date _____

CA167443372

022125    REG 1730RS (REV 02/2016)

**KEEP IN A SAFE PLACE - VOID IF ALTERED**

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

33

A. NEW OWNER'S *LAST* NAME (OR) COMPANY NAME     *FIRST*

B. NEW OWNER'S ADDRESS     APT NUMBER

C. ODOMETER READING (NO TENTHS)

D. CITY     STATE    ZIP CODE

E. DATE OF SALE OR LEASE RETURN

F. SELLER'S OR LESSEE'S *LAST* NAME (OR) COMPANY NAME    *FIRST*

G. SELLING PRICE (NO CENTS) WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS     APT NUMBER

SELLER'S OR LESSEE'S SIGNATURE

X

J. CITY     STATE    ZIP CODE

VEHICLE ID NUMBER     YR. MODEL   MAKE     PLATE NUMBER

**1FUJA6CV08LZ46470**     **2008 FRHT**     **3QKD923**

REG 138A (REV 10-2-14)

---

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

**61416080LA2**

VEHICLE HISTORY

**COMMERCIAL**     **TITLE ONLY**

VEHICLE ID NUMBER      YR MODEL   MAKE     PLATE NUMBER

**1FUJA6CV08LZ46470** ✓    **2008 FRHT**    **3QKD923**

BODY TYPE MODEL    AX   UNLADEN WEIGHT   FUEL   TRANSFER DATE    FEES PAID     REGISTRATION EXPIRATION DATE

**DS**     **3 15600 D**      **$15**     **09/30/2013**

YR 1ST SOLD    CLASS    YR    MO    EQUIPMT/TRUST NUMBER    ISSUE DATE

**JL 2013 XV**       **08/01/16**

MOTORCYCLE ENGINE NUMBER      ODOMETER DATE    ODOMETER READING

REGISTERED OWNER(S) ✓

**SINGH NAVDEEP**
**DBA RDX INC**
**2436 S SARAH ST**
**FRESNO CA 93706**        - - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a _____ X _____
    DATE          SIGNATURE OF REGISTERED OWNER

1b _____ X _____
    DATE          SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads | | | | | | | (no tenths) miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING** ☐ Odometer reading is not the actual mileage ☐ Mileage exceeds the odometer mechanical limits.

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

DATE   TRANSFEROR/SELLER SIGNATURE(S)      DATE   TRANSFEREE/BUYER SIGNATURE(S)

X                 X

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY      PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date _____

**TBK BANK SSB** ✓
**12700 PARK CENTRAL DR**
**STE 1700**
**DALLAS**
**TX 75251**          **CA167443344**

**022097**    REG. 17 30RS (REV 02/2016)

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

### KEEP IN A SAFE PLACE - VOID IF ALTERED

34

A. NEW OWNER'S LAST NAME (OR) COMPANY NAME          FIRST

B. NEW OWNER'S ADDRESS          APT. NUMBER          C. ODOMETER READING (NO TENTHS)

D. CITY          STATE          ZIP CODE          E. DATE OF SALE OR LEASE RETURN

F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME          FIRST          G. SELLING PRICE (NO CENTS)          WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS          APT. NUMBER          I. SELLER'S OR LESSEE'S SIGNATURE
X

J. CITY          STATE          ZIP CODE

VEHICLE ID NUMBER          YR. MODEL   MAKE          PLATE NUMBER

1FUJA6CV28LZ46468          2008 FRHT          3QKD922

REG. 138A (REV. 10/2012)



# STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

VEHICLE HISTORY

61416080lA2

**COMMERCIAL          TITLE ONLY**

| VEHICLE ID NUMBER | | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|---|
| 1FUJA6CV28LZ46468 ✓ | | 2008 | FRHT | 3QKD922 |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| DS | | 3 15600 D | | | *15 | 09/30/2013 |

| YR 1ST SOLD | CLASS | *YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|
| | HL | 2013 | XV | | 08/01/16 |

MOTORCYCLE ENGINE NUMBER          ODOMETER DATE          ODOMETER READING

REGISTERED OWNER(S) ✓

**SINGH NAVDEEP**
**DBA RDX INC**
**2436 S SARAH ST**
**FRESNO CA 93706**

-----

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. _____ X _____
    DATE          SIGNATURE OF REGISTERED OWNER

1b. _____ X _____
    DATE          SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads |__|__|__|__|__|__| (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING  ☐ Odometer reading is not the actual mileage.  ☐ Mileage exceeds the odometer mechanical limits.

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY          PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

**TBK BANK SSB** ✓
**12700 PARK CENTRAL DR**
**STE 1700**
**DALLAS**
**TX 75251**

2. X _____
   Signature releases interest in vehicle. (Company names must be counter-signed)
   Release Date _____

**CA167443343**

022096          REG. 17 30RS (REV 02/2016)

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW!

KEEP IN A SAFE PLACE - VOID IF ALTERED

35

A. NEW OWNER'S LAST NAME (OR) COMPANY NAME    FIRST

B. NEW OWNER'S ADDRESS    APT NUMBER

C. ODOMETER READING (NO TENTHS)

D. CITY    STATE    ZIP CODE

E. DATE OF SALE OR LEASE RETURN   MO   DAY   YR

F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME    FIRST

G. SELLING PRICE (NO CENTS)    WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS    APT NUMBER

I. SELLER'S OR LESSEE'S SIGNATURE

X

J. CITY    STATE    ZIP CODE

VEHICLE ID NUMBER    YR MODEL MAKE    PLATE NUMBER

1FUJA6CV48LZ46469     2008 FRHT     3QKD944

REG 138A (REV 10/2012)

---

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

VEHICLE HISTORY

61416080102

**COMMERCIAL**     **TITLE ONLY**

| VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| 1FUJA6CV48LZ46469 ✓ | 2008 | FRHT | 3QKD944 |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| DS | 3 | 16500 | D | 07/27/16 | #15 | 07/31/2013 |

| YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|
| NJ | 2013 | XV | | | 08/01/16 |

MOTORCYCLE ENGINE NUMBER     ODOMETER DATE     ODOMETER READING

REGISTERED OWNER(S)

RDX INC ✓
5724 MAGILL AVE
FRESNO CA 93722

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a   X
DATE     SIGNATURE OF REGISTERED OWNER

1b   X
DATE     SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [   |   |   |   |   ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING**   ☐ Odometer reading is not the actual mileage   ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| | PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY |

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

TBK BANK SSB ✓
12700 PARK CENTRAL DR
STE 1700
DALLAS
TX 75251

2. X
Signature releases interest in vehicle. (Company names must be countersigned)

Release Date

CA167443374

022127

REG 17 30RS (REV 02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

36

A. NEW OWNER'S LAST NAME (OR) COMPANY NAME          FIRST

B. NEW OWNER'S ADDRESS                    APT NUMBER          C. ODOMETER READING (NO TENTHS)

D. CITY                    STATE    ZIP CODE          E. DATE OF SALE OR LEASE RETURN
                                                       MO    DAY    YR

F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME    FIRST          G. SELLING PRICE (NO CENTS)
                                                                      WHOLE
                                                                      DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS              APT NUMBER          I. SELLER'S OR LESSEE'S SIGNATURE
                                                                 X

J. CITY                    STATE    ZIP CODE

VEHICLE ID NUMBER                    YR. MODEL    MAKE          PLATE NUMBER

**1FUJA6CV48LZ46472          2008 FRHT          3QKD924**

REG 138A (REV. 10/2012)

---

# STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

**63416080142**                                            VEHICLE HISTORY

**COMMERCIAL          TITLE ONLY**

| VEHICLE ID NUMBER | | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|---|
| **1FUJA6CV48LZ46472** ✓ | | **2008** | **FRHT** | **3QKD924** |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| **DS** | **3** | **15600** | **D** | | **#15** | **09/30/2013** |

| | YR 1ST SOLD | CLASS | *YR | MO | EQUIPMNT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|---|
| | **JL** | **2013** | **XV** | | | **08/01/16** |

MOTORCYCLE ENGINE NUMBER                    ODOMETER DATE          ODOMETER READING

REGISTERED OWNER(S)

**SINGH NAVDEEP** ✓
**DBA RDX INC**
**2436 S SARAH ST**
**FRESNO CA 93706**                                        **-----**

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a _____  X _____
        DATE              SIGNATURE OF REGISTERED OWNER

1b _____  X _____
        DATE              SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment

The odometer now reads |___|___|___|___|___|.|___| (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING** ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

**TBK BANK SSB** ✓
**12700 PARK CENTRAL DR**
**STE 1700**
**DALLAS**
**TX 75251**

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)

Release Date _____

**CA167443345**

**022098**          REG. 17 30RS (REV 02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

**A. NEW OWNER'S LAST NAME (OR) COMPANY NAME** — *FIRST*

**B. NEW OWNER'S ADDRESS** — APT NUMBER — **C. ODOMETER READING (NO TENTHS)**

**D. CITY** — STATE — ZIP CODE — **E. DATE OF SALE OR LEASE RETURN**

**F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME** — *FIRST* — **G. SELLING PRICE (NO CENTS)** WHOLE DOLLARS

**H. SELLER'S OR LESSEE'S ADDRESS** — APT NUMBER — **I. SELLER'S OR LESSEE'S SIGNATURE** X

**J. CITY** — STATE — ZIP CODE

VEHICLE ID NUMBER — YR — MODEL — MAKE — PLATE NUMBER

1FUJA6CV78LZ46465          2008 FRHT          3QKD921

## STATE OF CALIFORNIA
### CERTIFICATE OF TITLE
VEHICLE HISTORY

614160801A2

**COMMERCIAL      TITLE ONLY**

VEHICLE ID NUMBER — YR MODEL — MAKE — PLATE NUMBER
1FUJA6CV78LZ46465 — 2008 FRHT — 3QKD921

BODY TYPE MODEL — AX WEIGHT UNLADEN — FUEL — TRANSFER DATE — FEES PAID — REGISTRATION EXPIRATION DATE
DS — 3 15600 D — $15 — 09/30/2013

YR 1ST SOLD — CLASS — *YR — MO — EQUIPMT/TRUST NUMBER — ISSUE DATE
HL 2013 XV — 08/01/16

MOTORCYCLE ENGINE NUMBER — ODOMETER DATE — ODOMETER READING

REGISTERED OWNER(S)
SINGH NAVDEEP ✓
DBA RDX INC
2436 S SARAH ST
FRESNO CA 93706

I certify (or declare) under penalty of perjury under the laws of the State of California that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a ___ DATE ___ X ___ SIGNATURE OF REGISTERED OWNER
1b ___ DATE ___ X ___ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE — TRANSFEROR/SELLER SIGNATURE(S) X — TRANSFEREE/BUYER SIGNATURE(S) X
PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY — PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)
TBK BANK SSB ✓
12700 PARK CENTRAL DR
STE 1700
DALLAS
TX 75251

2. X
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date ___

CA167443342
022095 — REG. 17.30RS (REV.02/2018)

**KEEP IN A SAFE PLACE - VOID IF ALTERED**

VOID WITHOUT BEAR WATERMARK, HOLD TO LIGHT TO VIEW

38

| A. NEW OWNER'S LAST NAME (OR) COMPANY NAME | FIRST | | | | |
|---|---|---|---|---|---|

B. NEW OWNER'S ADDRESS     APT NUMBER     C. ODOMETER READING (NO TENTHS)

D. CITY    STATE    ZIP CODE    E. DATE OF SALE OR LEASE RETURN
MO   DAY   YR

F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME    FIRST    G. SELLING PRICE (NO CENTS)
WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS    APT NUMBER    I. SELLER'S OR LESSEE'S SIGNATURE
X

J. CITY    STATE    ZIP CODE
VEHICLE ID NUMBER    YR. MODEL   MAKE    PLATE NUMBER

**1FUJALCV98LZ46466**     **2008 FRHT**     **3QKD948**

REG 138A (REV 10/2012)

---

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

VEHICLE HISTORY

**61416080102**

**COMMERCIAL**     **TITLE ONLY**

| | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| VEHICLE ID NUMBER | | | |
| **1FUJALCV98LZ46466** ✓ | **2008** | **FRHT** | **3QKD948** |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| **DS** | **3** | **16500** | **D** | **07/27/16** | **$15** | **07/31/2013** |

| | YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|---|
| | **NJ** | **2013** | **XV** | | | **08/01/16** |

MOTORCYCLE ENGINE NUMBER     ODOMETER DATE     ODOMETER READING

REGISTERED OWNER(S)

**RDX INC** ✓
**5724 MAGILL AVE**
**FRESNO CA 93722**

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. ___X_____
DATE       SIGNATURE OF REGISTERED OWNER

1b. ___X_____
DATE       SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ | | | | | | ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING** ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

**TBK BANK SSB** ✓
**12700 PARK CENTRAL DR**
**STE 1700**
**DALLAS**
**TX 75251**

2. X_____
Signature releases interest in vehicle. (Company names must be countersigned)

Release Date _____

**CA167443373**

**022126**    REG. 17.30RS (REV 02/2016)

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

### KEEP IN A SAFE PLACE - VOID IF ALTERED

39

A. NEW OWNER'S *LAST* NAME (OR) COMPANY NAME        *FIRST*

B. NEW OWNER'S ADDRESS        APT NUMBER        C. ODOMETER READING (NO TENTHS)

D. CITY        STATE        ZIP CODE        E. DATE OF SALE OR LEASE RETURN
        MO  DAY  YR

F. SELLER'S OR LESSEE'S *LAST* NAME (OR) COMPANY NAME        *FIRST*        G. SELLING PRICE (NO CENTS)
        WHOLE
        DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS        APT NUMBER        I. SELLER'S OR LESSEE'S SIGNATURE

X

J. CITY        STATE        ZIP CODE

VEHICLE ID NUMBER        YR  MODEL   MAKE        PLATE NUMBER

**1FUJALCV28DZ84114**        **2008 FRHT**        **9E69106**

REG 138A (REV 10/2012)

---

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

61416080A1A2        VEHICLE HISTORY

**COMMERCIAL        PARTIAL YEAR**
                        YR
VEHICLE ID NUMBER        MODEL   MAKE        PLATE NUMBER
**1FUJALCV28DZ84114**✓        **2008 FRHT**        **9E69106**
BODY TYPE MODEL        AX   UNLADEN   FUEL   TRANSFER DATE        FEES PAID        REGISTRATION EXPIRATION DATE
**DS**        **3  15500  D**        **$15**        **06/30/2012**
        YR 1ST        CLASS    *YR      MO        EQUIPMT/TRUST NUMBER        ISSUE DATE
        SOLD                                        **08/01/16**
        **SJ   2011   XV**
MOTORCYCLE ENGINE NUMBER        ODOMETER DATE        ODOMETER READING

REGISTERED OWNER(S)
**RDX INC** ✓
**5724 W MAGILL AVE**
**FRESNO CA 93722**

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a _____ X _____
DATE        SIGNATURE OF REGISTERED OWNER

1b _____ X _____
DATE        SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ | | | | | | ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING** ☐ Odometer reading is not the actual mileage  ☐ Mileage exceeds the odometer mechanical limits.

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

DATE        TRANSFEROR/SELLER SIGNATURE(S)        DATE        TRANSFEREE/BUYER SIGNATURE(S)
X        X

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY        PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

#### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

**TBK BANK SSB** ✓
**12700 PARK CENTRAL DR**
**STE 1700**
**DALLAS**
**TX 75251**

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date _____

**CA167443358**
022111        REG. 1/ 30RS (REV 02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

40



A. NEW OWNER'S *LAST* NAME (OR) COMPANY NAME     FIRST

B. NEW OWNER'S ADDRESS     APT NUMBER    C. ODOMETER READING (NO TENTHS)

D. CITY     STATE    ZIP CODE     E. DATE OF SALE OR LEASE RETURN

F. SELLER'S OR LESSEE'S *LAST* NAME (OR) COMPANY NAME     FIRST     G. SELLING PRICE (NO CENTS)

H. SELLER'S OR LESSEE'S ADDRESS     APT NUMBER    I. SELLER'S OR LESSEE'S SIGNATURE

J. CITY     STATE    ZIP CODE     X

| VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| 1FUJALCV88DY81229 | 2008 | FRHT | 9E69108 |

REG 138A (REV. 10/2012)

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

VEHICLE HISTORY

61416080142

| COMMERCIAL | PARTIAL YEAR | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|---|
| VEHICLE ID NUMBER | | | | |
| 1FUJALCV88DY81229 ✓ | | 2008 | FRHT | 9E69108 |

| BODY TYPE MODEL | UNLADEN AX WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|
| DS | 3 15500 D | | | $15 | 06/30/2012 |

| | YR 1ST SOLD | CLASS | *YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|---|
| | | SJ | 2011 | XV | | 08/01/16 |

MOTORCYCLE ENGINE NUMBER     ODOMETER DATE     ODOMETER READING

REGISTERED OWNER(S)

RDX INC ✓
5724 W MAGILL AVE
FRESNO CA 93722

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a. ___ DATE ___ X _____
SIGNATURE OF REGISTERED OWNER

1b. ___ DATE ___ X _____
SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ | | | | | | ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING** ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

TBK BANK SSB ✓
12700 PARK CENTRAL DR
STE 1700
DALLAS
TX 75251

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date _____

CA167443356

022109     REG. 17 30RS (REV. 02/2016)

**KEEP IN A SAFE PLACE - VOID IF ALTERED**

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

41

A. NEW OWNER'S LAST NAME OR COMPANY NAME    FIRST

B. NEW OWNER'S ADDRESS    APT NUMBER    C. ODOMETER READING (NO TENTHS)

D. CITY    STATE    ZIP CODE    E. DATE OF SALE OR LEASE RETURN   MO   DAY   YR

F. SELLER'S OR LESSEE'S LAST NAME OR COMPANY NAME    FIRST    G. SELLING PRICE (NO CENTS)   WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS    APT NUMBER    I. SELLER'S OR LESSEE'S SIGNATURE   X

J. CITY    STATE    ZIP CODE

VEHICLE ID NUMBER     YR MODEL   MAKE     PLATE NUMBER

1FUJGECV09LAH3098     2009 FRHT     3Q0J366

REG 38A (REV 10/2012)

# STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

61416080182     VEHICLE HISTORY

COMMERCIAL    TITLE ONLY

| | | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|---|
| VEHICLE ID NUMBER | | | | |
| 1FUJGECV09LAH3098 ✓ | | 2009 | FRHT | 3Q0J366 |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| DS | 3 | 15500 D | | | $15 | 11/30/2012 |

| | YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|---|
| | | QH | 2012 | XV | | 08/01/16 |

MOTORCYCLE ENGINE NUMBER     ODOMETER DATE     ODOMETER READING

REGISTERED OWNER(S)

SINGH NAVDEEP
5724 W MAGILL AVE
FRESNO CA 93722

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a   DATE    X     SIGNATURE OF REGISTERED OWNER

1b   DATE    X     SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ ] (no tenths) miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING   ☐ Odometer reading is not the actual mileage    ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE   TRANSFEROR/SELLER SIGNATURE(S)   X     DATE   TRANSFEREE/BUYER SIGNATURE(S)   X

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY     PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

TBK BANK SSB ✓
12700 PARK CENTRAL DR
STE 1700
DALLAS
TX 75251

2. X
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date

CA167443346

022099    REG 17.30RS (REV 02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW

42

A. NEW OWNER'S LAST NAME (OR) COMPANY NAME     FIRST

B. NEW OWNER'S ADDRESS     APT NUMBER     C. ODOMETER READING (NO TENTHS)

D. CITY     STATE     ZIP CODE     E. DATE OF SALE OR LEASE RETURN     MO DAY YR

F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME     FIRST     G. SELLING PRICE (NO CENTS)     WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS     APT NUMBER     I. SELLER'S OR LESSEE'S SIGNATURE     X

J. CITY     STATE     ZIP CODE

VEHICLE ID NUMBER     YR. MODEL  MAKE     PLATE NUMBER

1FUJA6CV09DAA9113     2009 FRHT     3QOI271

REG 138A (REV. 10/2012)

**STATE OF CALIFORNIA**

**CERTIFICATE OF TITLE**     VEHICLE HISTORY

614160801A2

COMMERCIAL     TITLE ONLY     YR MODEL  MAKE     PLATE NUMBER
VEHICLE ID NUMBER     2009 FRHT     3QOI271
1FUJA6CV09DAA9113 ✓     UNLADEN
BODY TYPE MODEL     AX WEIGHT  FUEL  TRANSFER DATE     FEES PAID     REGISTRATION EXPIRATION DATE
DS     3 15500 D     $15     04/30/2012
     YR 1ST SOLD  CLASS  YR  MO     EQUIPMT/TRUST NUMBER     ISSUE DATE
     PW  2012  XV     08/01/16
MOTORCYCLE ENGINE NUMBER     ODOMETER DATE     ODOMETER READING

REGISTERED OWNER(S)
RDX INC ✓
5724 W MAGILL AVE
FRESNO CA 93722

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.
1a.  X  DATE     SIGNATURE OF REGISTERED OWNER
1b.  X  DATE     SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads |__|__|__|__|__|__| (no tenths) miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING  ☐ Odometer reading is not the actual mileage.  ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
DATE  X TRANSFEROR/SELLER SIGNATURE(S)     DATE  X TRANSFEROR/BUYER SIGNATURE(S)
PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY     PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

**IMPORTANT READ CAREFULLY**
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.
LIENHOLDER(S)
TBK BANK SSB ✓
12700 PARK CENTRAL DR
STE 1700
DALLAS
TX 75251

2.  X
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date ___
CA167443362
022115     REG. 17 30RS (REV 02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

43



## A. NEW OWNER'S LAST NAME (OR) COMPANY NAME / FIRST
## B. NEW OWNER'S ADDRESS / APT NUMBER / C. ODOMETER READING (NO TENTHS)
## D. CITY / STATE / ZIP CODE / E. DATE OF SALE OR LEASE RETURN
## F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME / FIRST / G. SELLING PRICE (NO CENTS) WHOLE DOLLARS
## H. SELLER'S OR LESSEE'S ADDRESS / APT NUMBER / I. SELLER'S OR LESSEE'S SIGNATURE
## J. CITY / STATE / ZIP CODE

VEHICLE ID NUMBER 1FUJA6CV59DAA9110  YR MODEL MAKE 2009 FRHT  PLATE NUMBER 3Q0I269

REG 138A (REV 10/2012)

# STATE OF CALIFORNIA
## CERTIFICATE OF TITLE
### VEHICLE HISTORY

61416080IA2

COMMERCIAL  TITLE ONLY

VEHICLE ID NUMBER 1FUJA6CV59DAA9110
YR MODEL 2009  MAKE FRHT  PLATE NUMBER 3Q0I269

BODY TYPE MODEL DS  UNLADEN AX WEIGHT 3 15500  FUEL D  TRANSFER DATE  FEES PAID $15  REGISTRATION EXPIRATION DATE 04/30/2012

YR 1ST SOLD  CLASS PW  YR 2012  MO XV  EQUIP/TRUST NUMBER  ISSUE DATE 08/01/16

MOTORCYCLE ENGINE NUMBER  ODOMETER DATE  ODOMETER READING

REGISTERED OWNER(S)
RDX INC
5724 W MAGILL AVE
FRESNO CA 93722

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. X ___ DATE ___ SIGNATURE OF REGISTERED OWNER
1b. X ___ DATE ___ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ____ (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE  TRANSFEROR/SELLER SIGNATURE(S) X  DATE  TRANSFEREE/BUYER SIGNATURE(S) X
PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY  PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

## IMPORTANT READ CAREFULLY
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)
TBK BANK SSB
12700 PARK CENTRAL DR
STE 1700
DALLAS
TX 75251

2. X ___ Signature releases interest in vehicle. (Company names must be countersigned)
Release Date ___

CA167443361
022114
REG. 17 30RS (REV.02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

45

A. NEW OWNER'S LAST NAME (OR) COMPANY NAME    FIRST

B. NEW OWNER'S ADDRESS    APT NUMBER    C. ODOMETER READING (NO TENTHS)

D. CITY    STATE    ZIP CODE    E. DATE OF SALE OR LEASE RETURN

E. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME    FIRST    G. SELLING PRICE (NO CENTS)    WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS    APT NUMBER    I. SELLER'S OR LESSEE'S SIGNATURE

X

J. CITY    STATE    ZIP CODE

| VEHICLE I.D NUMBER | YR. MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| 1FUJA6CV79DAA9108 | 2009 | FRHT | 3Q01268 |

REG 138A (REV. 10/2010)

---

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

VEHICLE HISTORY

61416080142

**COMMERCIAL**    **TITLE ONLY**

| | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| VEHICLE ID NUMBER | 2009 | FRHT | 3Q01268 |
| 1FUJA6CV79DAA9108 V | | | |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| DS | 3 | 15500 D | | | *15 | 04/30/2012 |

| YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|
| | PW | 2012 | XV | | 08/01/16 |

MOTORCYCLE ENGINE NUMBER    ODOMETER DATE    ODOMETER READING

REGISTERED OWNER(S)

RDX INC
5724 W MAGILL AVE
FRESNO CA 93722

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a   X _____
    DATE      SIGNATURE OF REGISTERED OWNER

1b   X _____
    DATE      SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ ][ ][ ][ ][ ][ ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING** ☐ Odometer reading is not the actual mileage   ☐ Mileage exceeds the odometer mechanical limits.

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

TBK BANK SSB ✓
12700 PARK CENTRAL DR
STE 1700
DALLAS
TX 75251

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)

Release Date _____

CA167443360

022113    REG 17 30RS (REV 02/2016)

**KEEP IN A SAFE PLACE - VOID IF ALTERED**

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

46

A. NEW OWNER'S FULL LEGAL (OR) COMPANY NAME | FIRST
B. NEW OWNER'S ADDRESS | APT NUMBER | C. ODOMETER READING (NO TENTHS)
LI CITY | STATE | ZIP CODE | E. DATE OF SALE OR LEASE RETURN
F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME | FIRST | G. SELLING PRICE (NO CENTS) WHOLE DOLLARS
H. SELLER'S OR LESSEE'S ADDRESS | APT NUMBER | I. SELLER'S OR LESSEE'S SIGNATURE
J. CITY | STATE | ZIP CODE
VEHICLE ID NUMBER | YR. MODEL | MAKE | PLATE NUMBER

**1FUJGEDV1ALAS0062**      **2010 FRHT**      **3QNZ752**

REG. 138A (REV. 10/2012)

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

VEHICLE HISTORY

**614160801A2**

**COMMERCIAL**      **TITLE ONLY**

VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER
**1FUJGEDV1ALAS0062**    **2010 FRHT**    **3QNZ752**

BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE
**DS**    **3 16000 D**    **$15**    **04/30/2014**

YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE
**QH 2014 XV**      **08/01/16**

MOTORCYCLE ENGINE NUMBER | ODOMETER DATE | ODOMETER READING

REGISTERED OWNER(S) ✓
**RDX INC**
**2436 S SARAH ST**
**FRESNO CA 93706**

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. ___ DATE ___ X ___ SIGNATURE OF REGISTERED OWNER

1b. ___ DATE ___ X ___ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ | | | | : | ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE | TRANSFEROR/SELLER SIGNATURE | DATE | TRANSFEREE/BUYER SIGNATURE
X | | X
PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

**IMPORTANT READ CAREFULLY**
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

**TBK BANK SSB** ✓
**12700 PARK CENTRAL DR**
**STE 1700**
**DALLAS**
**TX 75251**

2. X ___
Signature releases interest in vehicle (Company names must be countersigned)
Release Date ___

**CA167443369**

022122    REG. 17 30RS (REV.02/2016)

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

**KEEP IN A SAFE PLACE - VOID IF ALTERED**

47

A. NEW OWNER'S *LAST NAME* (OR) COMPANY NAME | FIRST

B. NEW OWNER'S ADDRESS | APT NUMBER | C. ODOMETER READING (NO TENTHS)

D. CITY | STATE | ZIP CODE | E. DATE OF SALE OR LEASE RETURN | MO | DAY | YR

F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME | FIRST | G. SELLING PRICE (NO CENTS) | WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS | APT NUMBER | I. SELLER'S OR LESSEE'S SIGNATURE

I. CITY | STATE | ZIP CODE

X

VEHICLE ID NUMBER | YR MODEL MAKE | PLATE NUMBER

1FUJGEDV2ALAS0054          2010 FRHT          3Q0A112

REG 135A (REV 10/2013)

---

## STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

61416080L1A2

VEHICLE HISTORY

**COMMERCIAL          TITLE ONLY**

| VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| 1FUJGEDV2ALAS0054 | 2010 | FRHT | 3Q0A112 |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| DS | 3 | 16000 | D | | $15 | 03/31/2014 |

| | YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|---|
| | | QH | 2014 | XV | | 08/01/16 |

MOTORCYCLE ENGINE NUMBER | ODOMETER DATE | ODOMETER READING

REGISTERED OWNER(S) ✓
RDX INC
2436 S SARAH ST
FRESNO CA 93706

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a _____ X _____
    DATE          SIGNATURE OF REGISTERED OWNER

1b _____ X _____
    DATE          SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage **upon** transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ | | | | | | ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING** ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

TBK BANK SSB ✓
12700 PARK CENTRAL DR
STE 1700
DALLAS
TX 75251

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date _____

CA167443366

022119          REG 17 30RS (REV 00 2 16)

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW

**KEEP IN A SAFE PLACE - VOID IF ALTERED**

48

A. NEW OWNER'S LAST NAME (OR) COMPANY NAME          FIRST

B. NEW OWNER'S ADDRESS          APT NUMBER          C. ODOMETER READING (NO TENTH)

D. CITY          STATE          ZIP CODE          E. DATE OF SALE OR LEASE RETURN

F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME          FIRST          G. SELLING PRICE (NO CENTS)          WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS          APT NUMBER          I. SELLER'S OR LESSEE'S SIGNATURE
                                                              X

J. CITY          STATE          ZIP CODE

VEHICLE ID NUMBER          YR MODEL MAKE          PLATE NUMBER

1FUJGEDV3ASAL7533          2010 FRHT          3QKE905

REG 138A (REV 10/2012)

---

## STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

VEHICLE HISTORY

61416080142

**COMMERCIAL          TITLE ONLY**

| | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|

VEHICLE ID NUMBER          **2010 FRHT**          **3QKE905**

**1FUJGEDV3ASAL7533**

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| DS | 3 | 16500 | D | | #15 | 03/31/2014 |

| | YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|---|
| | | RX | 2014 | XV | | 08/01/16 |

MOTORCYCLE ENGINE NUMBER          ODOMETER DATE          ODOMETER READING

REGISTERED OWNER(S)
RDX INC ✓
2436 S SARAH ST
FRESNO CA 93706

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a ___ X ___
   DATE          SIGNATURE OF REGISTERED OWNER

1b ___ X ___
   DATE          SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [        ] (no tenths) miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING** ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the mechanical limits.

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

*IMPORTANT READ CAREFULLY*
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

TBK BANK SSB ✓
12700 PARK CENTRAL DR
STE 1700
DALLAS
TX 75251

2. X
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date ___

CA167443370

022123          REG. 17 30RS (REV 02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

---

49